In re Bill L. GRAHAM, Debtor.

Juanita BEAUCHAMP, Plaintiff,

v.

Bill L. GRAHAM, Defendant.

Bankruptcy No. 38002356.
Adv. No. 3800408.

United States Bankruptcy Court,
W. D. Kentucky.

Oct. 6, 1981.

Thomas E. Cooper, Elizabethtown, Ky., for plaintiff.

Neal A. Banks, Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

An eighteen-year-old domestic relations dispute will hopefully be ended by this final order, which holds that a former husband may not discharge in bankruptcy his maintenance obligations to his offspring, which have gone unpaid over the major part of a lifetime.

To begin, our findings of fact, at the beginning:

Juanita Graham (now Beauchamp, the plaintiff in this action) sued Bill Graham (the bankrupt and defendant) for divorce in Jefferson Circuit Court in April, 1963.

The next month an order was entered, pursuant to a Commissioner's recommendation, that Mr. Graham pay $10.75 per week in child support for a period of 20 weeks or until further order of court.

A final divorce decree was entered in March, 1964, awarding custody of two children to the mother and expressly reserving for future consideration the questions of permanent alimony and maintenance.

Ten years later, with one of the two children having reached the age of majority, the mother petitioned the Court for an award of $7,800 in child-support arrearage and for ongoing maintenance of $17.50 per week for the one remaining infant child. After notice and a hearing, both of her requests were granted. Judge Marvin Sternberg, one of Kentucky's eminent chancellors, in April of 1974 lent his hand to an order requiring the payment of $7,800 "representing monies advanced by (Mrs. Beauchamp) for the support of the infant children of these parties which should have been paid by (Mr. Graham)".

Mr. Graham filed his bankruptcy petition in August, 1980, listing as his only obligations the judgment debt to his former wife and related court costs and attorney's fees.

This nondischargeability action was commenced in October, 1980. Not surprisingly, considering the age of this litigation and its

present posture, counsel for the opponents submit that there is no remaining material issue of fact, and that the entire controversy hinges upon a point of law. It is upon that basis that we accept and decide it.

\* \* \*

The point of law we approach is whether Mr. Graham's $7,800 judgment debt to Mrs. Beauchamp is, within the meaning of the Bankruptcy Code, alimony or maintenance for a spouse or child "*in connection with* a separation agreement, divorce decree, or property settlement agreement". (Emphasis supplied).[1] If the "connection" is there, the debt may not be discharged.

Counsel for Graham contends that the $7,800 judgment debt is a mere common-law judgment, not connected with the court-imposed maintenance obligations. Beauchamp's counsel asserts that the debt is maintenance-related. Despite some arguable ambiguity in the state court record, we align this court with the latter viewpoint.

Neither counsel has supplied us with any current caselaw directly on the point, nor has our independent research revealed any recent decisions of utility in this fact setting.

Without being either flip or facetious, we must ask some simple questions. Is this $7,800 judgment "connected" to a divorce decree, and if not, to what *is* it connected? A personal injury claim? A product liability case? A civil rights action? Judgments do not materialize out of thin air. Every judgment must rest upon an underlying cause of action.

The Grahams' divorce decree carried with it a provision for ongoing review of the husband's support obligations; Judge Sternberg ruled "that the question of permanent alimony and maintenance for said children be and the same is hereby reserved".

Being thus reserved, the matter was resurrected in 1974. After notice and the opportunity for a hearing (at which neither the defendant Graham nor his counsel appeared, although under a clear court order to do so), Judge Sternberg awarded $7,800 to Mrs. Beauchamp "for the support of the infant children of these parties which should have been paid by the respondent".

█ That is clear language. It means maintenance and support of children. That it was retrospective in application does not, particularly in light of the reservation of judicial overview contained in the original decree, detract from its intent.

The generic "connection" between the divorce decree and the resulting order is, at least in this court's view, self-evident.

Counsel for defendant seeks comfort in repeated use of the terms "common law liability" and "common law judgment", as if to change the nature of the obligation. A "common law judgment" it may be, but it is also "in connection with" the divorce decree, which brings it within the terms of Sec. 523(a)(5) of the Bankruptcy Code.

█ Having found the obligation to be nondischargeable, we must similarly treat court costs and attorney's fees *directly related* to the $7,800 judgment.[2] However, the record does not reflect the amounts sought. For reasons which will become clear, we believe that to be a matter best resolved by Jefferson Circuit Court, the forum in which such costs were incurred.

With the greatly expanded jurisdiction recently conferred on Bankruptcy Courts, we could make incursions into the field of domestic relations litigation, sitting as a coequal or even an appellate forum in bankruptcy-related alimony and child-support cases. This we have scrupulously avoided, out of considerations of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.

Therefore, in order to permit the appropriate court to entertain further proof of costs and fees incurred before it, this court will upon its own motion modify the auto-

1. See 11 U.S.C. § 523(a)(5).

2. *In re O'Bryan*, BK–79–00388–L (W.D.Ky. 1979).

matic stay to permit those matters to properly go before the Jefferson Circuit Court.

IT IS ORDERED that the judgment debt of $7,800 owed by Bill L. Graham to Juanita Beauchamp is not dischargeable in bankruptcy, and

FURTHER ORDERED that, upon the Court's own motion, the automatic stay is modified to permit the parties to litigate in Jefferson Circuit Court the amounts of court costs and attorney's fees directly related to the obligation herein held to be nondischargeable.