In re Billie Earl HOWARD, Debtor.

Wanda Lee HOWARD, Plaintiff,

v.

Billie Earl HOWARD, Defendant.

Bankruptcy No. 3–82–01238(D).
Adv. No. 3–82–0309(D).

United States Bankruptcy Court,
W.D. Kentucky.

March 2, 1983.

Cheryl S. Karp, Louisville, Ky., for plaintiff.

Norman E. McNally, Louisville, Ky., for defendant.

John Ames, Louisville, Ky., trustee.

## ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Wanda Lee Howard, frustrated beneficiary of recent court orders in a domestic relations dispute pending in Jefferson Circuit Court, now brings a complaint for nondischargeability and to lift the automatic stay against her bankrupt former husband.

A dissolution agreement between Wanda and Billie Earl Howard, incorporated into a subsequent divorce decree, provides that "each party waives any claims that he or she may have, one against the other, for any periodic or lump sum maintenance, now or in the future." Elsewhere the agreement binds the former husband to assume and pay certain marital debts, an obligation still unmet. His default has caused Billie Earl Howard to be found in contempt of Jefferson Circuit Court and imprisoned during the pendency of this bankruptcy proceeding.

The agreement in question contains no other provision relative to alimony, support or maintenance. It provides by its terms that it is not subject to modification.

Billie Earl Howard filed bankruptcy in June, 1982, seeking to discharge those obligations characterized by the agreement as "marital debts." The complaint at hand, insofar as it seeks an exception from discharge of those debts, should be dismissed, although for reasons which will become apparent we will not enter a dismissal order now. It is settled law that marital debts *not* in the nature of alimony or maintenance do not fall within the exception of 11 U.S.C. § 523(a)(5) and therefore are fully dischargeable.

Equally clear is the plaintiff's lack of entitlement to relief on the ground that the property settlement agreement was fraudulently induced. We can no more look behind the language of the agreement than that of the state court judgment making it binding on the parties. It is our unaltered view in such cases that "the . . . decree will be given our fullest respect, as required not only by principles of comity but by the most literal reading of simple English." *Channel v. Channel,* 23 B.R. 638 (Bkrtcy.W.D.Ky. 1982).

At the pretrial conference in this matter reference was made to an order sought by the plaintiff in state court requiring the defendant to reaffirm, in bankruptcy court, his obligation for marital debts. Judicially coerced reaffirmation agreements are repugnant to the spirit of the Bankruptcy Code, and we are relieved that such an order is not squarely before us for interpretation.

While the state court would be without authority to enter such an order, there is nothing to prevent, for example, that court's review of the primary question of

whether the property settlement agreement was obtained by fraud. Nor, for that matter, is the state court without authority to review on a continuing basis the question of maintenance. But such matters are exclusively for that court, not this one, to consider. We are required to say again:

> With the greatly expanded jurisdiction recently conferred on Bankruptcy Courts, we could make incursions into the field of domestic relations litigation, sitting as a coequal or even an appellate forum in bankruptcy-related alimony and child-support cases. This we have scrupulously avoided, out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters. *Beauchamp v. Graham,* 14 B.R. 246, 248 (Bkrtcy.W.D.Ky.1981).

For those reasons the automatic stay imposed by Section 362 of the Bankruptcy Code is hereby lifted to permit these parties to further litigate this bankruptcy-related domestic relations matter in the proper forum, Jefferson Circuit Court. Given the ongoing nature of that dispute, we reserve the nondischargeability claims herein until such time as the matter is reduced to final judgment. It is so ORDERED.