**In re OXFORD ROYAL MUSHROOM PRODUCTS, INC., Debtor,**

**Robert H. LEVIN, Trustee, Plaintiff,**

v.

**KELTON REALTY, INC., Defendant.**

Bankruptcy No. 81–02434G.

Adv. No. 84–0592G.

United States Bankruptcy Court, E.D. Pennsylvania.

June 14, 1984.

Nathan Lavine, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for plaintiff/trustee, Robert H. Levin.

Robert H. Levin, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., trustee.

Robert Lapowsky, Eric M. Hocky, Rubin Quinn & Moss, Philadelphia, Pa., for defendant, Kelton Realty, Inc.

William T. Windsor, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., for debtor, Oxford Royal Mushroom Products, Inc.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, and Allen B. Dubroff, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for Creditors' Committee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

Two issues are presented in the controversy at hand, the first of which is whether the postpetition recordation of a covenant that runs with a parcel of realty owned by the debtor is a violation of the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code ("the Code"). The second issue is whether such a covenant must be recorded under Pennsylvania law in order to bind the estate or an entity who is deemed to have no knowledge of that covenant, which entity in this case is the trustee. For the reasons stated herein we find that the recordation was a violation of the automatic stay and that, hence, the illegally recorded covenant does not bind the trustee or the estate's property.

The facts of this case are as follows:[1] The debtor and Kelton Realty, Inc. ("Kelton") own adjacent tracts of land in the Commonwealth of Pennsylvania. Several years ago, certain actions taken by the debtor rendered the wells on Kelton's land unusable. The debtor and Kelton accordingly executed an agreement under which the debtor agreed to supply Kelton with water from its property and Kelton granted an easement on its property to the debtor for the construction of a pipeline to channel the water from one lot to the other. In exchange for the debtor's promise to supply water, Kelton agreed not to com-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

mence legal action for damage to its wells. In 1981 the debtor filed a petition for reorganization under chapter 11 of the Code and approximately two years later Kelton recorded the agreement with the Recorder of Deeds for the county in which the subject property is situated.

The trustee commenced the action at bench to "determine the validity of a lien or other interest in property." The parties are in apparent agreement that the agreement at issue creates a covenant running with the land. The trustee asserts that Kelton's postpetition recordation of the covenant violates the automatic stay and thus is void.

■ As a general rule, immediately on the filing of a voluntary petition for relief under the Code, an automatic stay arises which generally bars all debt collection efforts against the debtor or the property of his bankruptcy estate. § 362(a). More particularly, the stay prohibits "any act to create, perfect, or enforce any lien against property of the estate." § 362(a)(4). The Code defines a lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(28). The legislative history behind § 101(27) indicates that the "definition is new and is very broad." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 312 (1977), *reprinted* in 1978 U.S.Code Cong. & Admin.News 5787, 6269. Since the covenant afforded Kelton an interest in the estate's property, and since the recordation of that interest served to secure the performance of that obligation, we hold that said recordation violated § 362(a)(4). Acts taken in violation of the automatic stay are generally void and without effect. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). Thus, we find that Kelton's postpetition recordation of the covenant is a nullity and without legal effect.

■ Kelton also contends that recordation of the covenant was not necessary since it ran with the land and thus does not fall within the scope of the state recording acts. Under 11 U.S.C. § 544(a)(3) the trustee has the status of a hypothetical bona fide purchaser of real property from the debtor who may avoid any transfer of property that is avoidable by such a purchaser. Under this provision the trustee is vested with this power without regard to any actual knowledge he or any creditor possesses. Thus, the question presented is whether a bona fide purchaser without actual or constructive knowledge of a covenant running with the land is bound by the terms of that covenant. On this subject the following was stated in learned legal text:

§ 7. Necessity of recording.

Parties entering into agreements imposing restrictions upon the use of their respective properties should see to it that the restrictive agreement is promptly and duly recorded in the proper office and book. Recordation is ordinarily essential to make the restrictions enforceable against subsequent purchasers having no actual knowledge or notice of the restriction.

\* \* \* \* \* \*

Recording acts, it has been said, were passed for the purpose of providing a place and a method by which an intending purchaser or encumbrancer can safely determine just what kind of a title he is in fact obtaining. It is recognized that intending purchasers and encumbrancers should be protected against the evils of secret grants and secret liens. To that end, it has been provided that an innocent purchaser, having no notice of liens or adverse claims not disclosed by the records in the manner prescribed by the statute, will hold land as against such claims and liens. 45 Am Jur 435, Records and Recording Laws, § 29.

Annot., 4 A.L.R.2d 1419 at 1428 and 1428, n. 9 (Article on Agreement Between Real-Estate Owners Restricting Use of Property as Within Contemplation of Recording Laws) (1949). Pennsylvania statutory authority is in accord with this view as evinced by the following:

§ 356. Agreements concerning real property

All agreements in writing relating to real property situate in this Commonwealth by the terms whereof the parties

executing the same do grant, bargain, sell or convey any rights or privileges of a permanent nature pertaining to such real property, or do release the grantee or vendee thereunder against damages which may be inflicted upon such real property at some future time, shall be acknowledged according to law by the parties thereto or proved in the manner provided by law, and shall be recorded in the office for the recording of deeds in the county or counties wherein such real property is situate.

Pa.Stat.Ann. tit. 21, § 356 (Purdon 1955). A Pennsylvania case which decided issues similar to those before us is enlightening. *Finley v. Glenn*, 303 Pa. 131, 154 A. 299 (1931). In *Finley* the plaintiff sought an "injunction requiring defendants to observe certain restrictions created by the predecessor in title of both of the parties as to the kind of buildings to be erected on their property." 303 Pa. at 133, 154 A. 299. The essential distinction between *Finley* and the case at bench is that in *Finley* the covenants were contained in a deed which had been duly recorded. On the question of notice, the court quoted the following material:

> The weight of authority is to the effect that if a deed or a contract for the conveyance of one parcel of land, with a covenant or easement affecting another parcel of land owned by the same grantor, is duly recorded, the record is constructive notice to a subsequent purchaser of the latter parcel. The rule is based generally upon the principle that a grantee is chargeable with notice of everything affecting his title which could be discovered by an examination of the records of the deeds or other muniments of title of his grantor.

303 Pa. at 136, 154 A. 299 (quotes omitted). *Finley* implicitly holds that actual or constructive notice is necessary to bind a party to covenants which run with the land. Consequently, we hold that the covenant at issue is within the scope of § 356 and thus must be recorded to bind the trustee. Any other result would allow a grantor secretly to convey significant interests in his realty without actual or constructive notice to a bona fide purchaser.

Accordingly, we will enter an order declaring that Kelton has no interest in the property in question arising from the covenant.