### In re OXFORD ROYAL MUSHROOM PRODUCTS, INC., Debtor.

### Bankruptcy No. 81–02434G.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 25, 1985.

---

4. *Id.*

Nathan Lavine, Robert H. Levin, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for trustee/movant.

Robert Lapowsky, Eric M. Hocky, Rubin, Quinn & Moss, Philadelphia, Pa., for Kelton Realty, Inc.

William T. Windsor, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., for debtor Oxford Royal Mushroom Products, Inc.

Lawrence J. Lichtenstein, Mesirov, Gelman, Jaffe, Cramer & Jamieson and Allen B. Dubroff, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for the Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Bankruptcy Judge:

The issue presented for resolution is whether we should grant the trustee's motion to reject what is ostensibly an executory contract. For the reasons expressed below, we will grant the motion.

The facts of this case are as follows:[1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on June 25, 1981, and thereafter a trustee was appointed. Several years prior to the filing of the petition, certain actions taken by the debtor rendered unusable the wells of an adjoining property owner, Kelton Realty, Inc. ("Kelton"). To preclude a resolution of this dispute through the courts, the parties executed a contract under which the debtor agreed to supply Kelton with water from its property and Kelton agreed to grant an easement to the debtor for the construction of a pipeline to channel the water from one lot to the other. In exchange for the debtor's promise to supply water, Kelton agreed not to commence legal action for damage to its wells.

Several months ago, the trustee instituted an action against Kelton to "determine the validity of a lien or other interest in property."[2] We held that Kelton's easement had not been recorded but for a postpetition recordation which was a nullity. We also concluded that recordation of the easement was necessary to afford Kelton a property interest in the debtor's realty.

■ In commencing our discussion on the instant issue we note that, subject to court approval, the trustee may assume or reject an executory contract under 11 U.S.C. § 365(a)[3] of the Code. No definition of an "executory contract" is included in the Code apparently because Congress thought that the "general meaning is well understood, and any succinct statutory lan-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. For our opinion on this dispute see, *Levin v. Kelton Realty, Inc.* (In Re Oxford Royal Mushroom Products, Inc.), 39 B.R. 948 (Bankr.E.D. Pa.1984).

3. (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and

(d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a). Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 362, July 10, 1984, this provision was reenacted without change.

**794**

guage risks an unintended omission or inclusion." H.R.Doc. No. 93–137, 93d Cong., 1st Sess. 199 (Part I) (1973) (Report of Commission on Bankruptcy Laws). Nonetheless, the legislative history of § 365 suggests a possible definition:

> Though there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides. A note is not usually an executory contract if the only performance that remains is repayment. Performance on one side of the contract would have been completed and the contract is no longer executory.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 347 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6303–04.

■ In the case at bench the issue of rejection hinges solely on whether the contract is executory. Kelton asserts that "where the material obligations of either the bankrupt or the other contracting party have been performed, the contract is no longer executory." Kelton contends that it has no further duties to perform under the contract although the debtor is clearly obligated to perform future services under the terms of the document. Kelton posits that since only one party to the contract has unfulfilled duties to perform, the contract is not executory. In support of its position Kelton cites the definition quoted above in the legislative history as well as Professor Countryman's definition [4] which significantly antedates the passage of the Code. The difficulty with the definition from the legislative history is that it does not expressly indicate whether a contract is executory when the debtor must still perform material obligations under it—unless the sole obligation is the payment of money—although the other party has completely fulfilled his duties. This is arguably the situation

which has been presented to us under the facts of this case and through § 365 the trustee is attempting to reject a contract that would otherwise be burdensome to the estate. We conclude that the agreement at issue is a executory contract and we suggest as a general proposition that an executory contract is one "which requires substantial performance by *either* party to the agreement other than the payment of money...." *In Re Norquist,* 43 B.R. 224, 228 (Bankr.E.D.Wash.1984) (emphasis added). Since the definitional argument was the only defense advanced by Kelton against the trustee's rejection of the contract, we will grant the motion. This result renders unnecessary any review of the trustee's other points of discussion.

---

4. Professor Countryman states that a contract is executory when "the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance by the other." Countryman, *Executory Contracts in Bankruptcy, Part I,* 57 Minn.L.R. 439, 460 (1973). Elsewhere in the article Professor Countryman states that "[t]he concept of the 'executory contract' in bankruptcy should be defined in the light of the purpose for which trustee is given the option to assume or reject. Similar to his general power to abandon or accept other property, this is an option to be exercised when it will benefit the estate." *Id.* at 450–51.