755 F.2d 715
 Bankr. L. Rep. P 70,312
In re Francis E. Mac DONALD, Francis E. Mac Donald, III,
Francis E. Mac Donald, D.D.S., Francis Edward Mac
Donald, III, F.E. Mac Donald, Debtor.
Francis E. Mac DONALD, Defendant-Appellant,
v.
Donna Ruth Mac DONALD, Plaintiff-Appellee.
 No. 83-6509.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 5, 1985.
Decided March 12, 1985.
 
 James Ensign, Orange, Cal., for defendant-appellant.
 Stephen R. Wade, Covington & Crowe, Ontario, Cal., for plaintiff-appellee.
 Appeal from the Bankruptcy Appellate Panel Central District of California.
 Before CHAMBERS, BOOCHEVER, and BEEZER, Circuit Judges.
 BEEZER, Circuit Judge.
 
 
 1
 Appellant Francis Mac Donald appeals the Bankruptcy Appellate Panel's order affirming the bankruptcy court's decision granting appellee Donna Mac Donald relief from the automatic stay provisions of 11 U.S.C. Sec. 362(a) to allow her to proceed in state court with her action for spousal support modification. We affirm.
 
 
 2
 Francis and Donna Mac Donald commenced marriage dissolution proceedings in California Superior Court in 1980. The issues were bifurcated and the marriage status was dissolved on July 1, 1981.
 
 
 3
 Final judgment on the reserved issues was entered on February 2, 1982. Francis was awarded the family residence. His dental school education was determined to be a community asset, and Donna was awarded reimbursement for it in the amount of $75,000 to be paid in three annual installments commencing May 1, 1983. In order to equalize the division of other assets and obligations, Francis was ordered to pay Donna an additional $27,678.61 on or before May 1, 1982. Donna was also awarded monthly spousal support of $500.00 until January 14, 1985.
 
 
 4
 On May 5, 1982, Francis filed a bankruptcy petition under 11 U.S.C. Chapter 7, listing Donna as a creditor and requesting discharge of all obligations imposed by the California judgment. Donna filed her complaint for relief from the automatic stay on June 15. On July 14, a hearing was held in bankruptcy court. By its order on August 16, 1982, the court granted Donna relief from the stay, allowing her to proceed in the California court with her spousal support modification action.
 
 
 5
 Francis appealed the bankruptcy court's order to the Bankruptcy Appellate Panel, which affirmed the bankruptcy court's decision on November 18, 1983. Francis timely appealed the panel's order on December 8, 1983. We have jurisdiction to review this matter under 28 U.S.C. Sec. 1293.
 
 
 6
 A decision to lift the automatic stay under 11 U.S.C. Sec. 362 is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion. In re Frigitemp Corp., 8 B.R. 284 (S.D.N.Y.1981). We must therefore determine whether the bankruptcy court abused its discretion by granting Donna relief from the stay to proceed in state court with her spousal support modification action.
 
 
 7
 The Bankruptcy Court Did Not Abuse Its Discretion In
 
 Granting Relief From the Section 362 Stay
 
 8
 The Section 362 automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. See In re Fidelity Mortgage Investors, 550 F.2d 47, 55 (2nd Cir.1976), cert. denied, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).
 
 
 9
 Section 362(d) and Bank.R.Proc. 401(d)[1] explicitly authorize the bankruptcy court to lift the stay "for cause shown." Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis. 2 Collier Bankruptcy Manual Sec. 362.06 (3d ed. 1979).
 
 
 10
 Upon relief from the automatic stay being granted, Donna intends to seek modification of the final judgment under Cal.Civ.Proc.Code Sec. 473 on the basis of mistake, inadvertence, surprise or fraud. She asserts that the domestic matters at issue here are best decided by the California Superior Court and therefore, good cause exists under Section 362 for granting relief from the stay.
 
 
 11
 It is appropriate for bankruptcy courts to avoid incursions into family law matters "out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters." In re Graham, 14 B.R. 246, 248 (Bankr.W.D.Ky.1981). See also In re Howard, 27 B.R. 894, 895-96 (Bankr.W.D.Ky.1983) (bankruptcy court granted relief from the automatic stay to debtor's ex-wife, who had alleged that the property settlement was fraudulently induced); cf. Schulze v. Schulze, 15 B.R. 106, 109 (Bankr.S.D.Ohio 1981) (granting debtor's wife relief from the automatic stay in order to complete state proceedings for divorce, child custody, and property division).
 
 
 12
 We affirm the Bankruptcy Appellate Panel's decision.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The 1973 Bankruptcy Rules of Procedure governed bankruptcy court procedures for cases filed under Chapters I-VII of the Bankruptcy Act of 1898, ch. 541, 30 Stat. 544, as amended. The 1973 rules were still in effect in 1982 when appellant filed his Chapter 7 petition. Rule 401(d) provided in pertinent part: "Upon the filing of a complaint by a creditor seeking relief from a stay provided by this rule, the bankruptcy court shall set the trial for the earliest possible date.... The court may, for good cause shown, terminate, annul, modify or condition such stay."
 The 1973 Rules were superseded by the Bankruptcy Rules of Procedure of 1983. Therefore, Rule 401(d) is no longer in effect.