**In re Gary Lee HILL, Appellant.**

**Bankruptcy No. 87–1573–C.**

United States District Court,
D. Kansas.

July 31, 1989.

Douglas D. Depew, Neodesha, Kan., for debtor.

Jeff Griffith, Derby, Kan., for creditor Sandra (Hill) Spencer.

Lynn D. Allison, Wichita, Kan., trustee.

MEMORANDUM AND ORDER

SAM A. CROW, District Judge.

This case comes before the court on the debtor's appeal from a decision of the bankruptcy court filed October 16, 1987. In that decision, the bankruptcy court granted a creditor's (debtor's ex-wife) motion to lift the automatic stay to allow the creditor to proceed in state court on a motion for an increase in child support.

The debtor contended below, and argues again on this appeal, that the creditor's motion to lift the automatic stay was a "sham", and a thinly disguised attempt to collect pre-petition marital debts by raising child support. Although an evidentiary hearing was not held in this case, the debtor was allowed to make his argument first through his written response to the motion, and then again orally to the court. In granting the creditor's motion, the bankruptcy court stated that it was not going to interfere with the state court's jurisdiction over child support and alimony (Transcript, p. 3).

"A decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy judge and reviewed for an abuse of discretion." *In re Mac Donald*, 755 F.2d 715, 716 (9th Cir. 1985). 11 U.S.C. § 362(d)(1) authorizes the bankruptcy court to lift the stay "for cause." There is no clear definition of what constitutes "cause."

Therefore, discretionary relief from the stay must be determined on a case-by-case basis. *Id.* at 717. The court finds that the bankruptcy court did not abuse its discretion in lifting the stay in order for the creditor to proceed in state court for an increase in child support. The bankruptcy court should not interfere with the state court's jurisdiction over a motion to increase child support payments.

IT IS THEREFORE ORDERED that the decision of the bankruptcy court is affirmed.