**In the Matter of Paul R. HARRELL, Debtor.**

**Francine J. HARRELL, Movant,**

**v.**

**Paul R. HARRELL, Respondent.**

**Bankruptcy No. 87–51278.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Oct. 3, 1989.

Russell T. Bridges, Thomaston, Ga., for Francine J. Harrell.

Richard M. Katz, Macon, Ga., for Paul R. Harrell.

Camille Hope, Macon, Ga., Chapter 13 Trustee.

## MEMORANDUM OPINION ON MOTION FOR RELIEF FROM AUTOMATIC STAY

ROBERT F. HERSHNER, JR., Chief Judge.

### MEMORANDUM OPINION

Paul R. Harrell, Debtor, filed his petition under Chapter 13 on July 20, 1987. The Court confirmed Debtor's plan on October 27, 1987. The term of the plan is three years and eleven months. Francine J. Harrell, Movant, filed a "Motion for Relief from Stay" on September 1, 1989. Movant asks the Court for relief from the automatic stay of section 362 of the Bankruptcy Code.[1] Movant wants to file an action in the Superior Court of Upson County, Georgia, for modification of Debtor's child support obligations and visitation rights.

In *In re Hatcher,*[2] this Court stated:

This Court is of the opinion that the determination of the amount of child support due from a spouse under section 19–6–18 of the Georgia Code, O.C.G.A. § 19–6–18 (1982), is a continuing process that may require adjustment to properly reflect the need for child support and the ability to render that support. The superior courts of this state are uniquely qualified to make those adjustments. This Court is unwilling to interfere with that process in light of the clear desire on the part of the drafters of the Bankruptcy Code to prevent a debtor from

---

1. 11 U.S.C.A. § 362 (West 1979 & Supp.1989).

2. Ch. 13 Case No. 81–50278 (Bankr.M.D. Ga. Feb. 17, 1983).

avoiding domestic obligations by filing a bankruptcy case.

The Court also noted that the superior court would consider the debtor's Chapter 13 payments in determining whether to modify the child support payments.

In opposition to the motion, Debtor relies upon *Stringer v. Huet (In re Stringer ).*[3] In *In re Stringer,* the Ninth Circuit held that an action for modification of child support payments, filed in state court after a Chapter 13 petition is filed, is not within the exemption from the automatic stay for "collection of alimony, maintenance or support." The court reasoned that modification of an order for child support cannot be considered "collection" of child support. The court concluded that the automatic stay exemption contained in section 362(b)(2) of the Bankruptcy Code[4] applies only to proceedings to collect child support that has been awarded prior to the filing of a bankruptcy case.[5] The court suggested that the movant should seek relief from the stay under the "for cause" provision of section 362(d) of the Bankruptcy Code.[6]

Section 362(d)(1) of the Bankruptcy Code[7] provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

11 U.S.C.A. § 362(d)(1) (West Supp.1989).

The United States Court of Appeals for the Ninth Circuit in *In re MacDonald*[8] states:

The Section 362 automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. *See In re Fidelity Mortgage Investors,* 550 F.2d 47, 55 (2nd Cir.1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).

Section 362(d) and Bankr.R.Proc. 401(d) explicitly authorize the bankruptcy court to lift the stay "for cause shown." Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis. 2 *Collier Bankruptcy Manual* § 362.06 (3d ed. 1979).

. . . .

It is appropriate for bankruptcy courts to avoid incursions into family law matters "out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters." *In re Graham,* 14 B.R. 246, 248 (Bankr.W.D. Ky.1981). *See also In re Howard,* 27 B.R. 894, 895–96 (Bankr.W.D.Ky.1983) (bankruptcy court granted relief from the automatic stay to debtor's ex-wife, who had alleged that the property settlement was fraudulently induced); *cf. Schulze v. Schulze,* 15 B.R. 106, 109 (Bankr.S.D.Ohio 1981) (granting debtor's wife relief from the automatic stay in order to complete state proceedings for divorce, child custody, and property division).

755 F.2d at 717.

Movant and Debtor were divorced on July 8, 1986. Debtor was ordered to pay $42.50 per week per child in child support.[9] Debtor's and Movant's financial situations have changed since the initial award. The Court is persuaded that Movant should be allowed to seek a modification of child support payments and visitation rights in the superior court. The superior court can ex-

---

**3.** 847 F.2d 549 (9th Cir.1988).

**4.** 11 U.S.C.A. § 362(b)(2) (West 1979 & Supp. 1989).

**5.** *Id.* at 552, n. 8.

**6.** *Id.* at 553; 11 U.S.C.A. § 362(d) (West Supp. 1989).

**7.** 11 U.S.C.A. § 362(d)(1) (West Supp.1989).

**8.** *MacDonald v. MacDonald (In re MacDonald ),* 755 F.2d 715 (9th Cir.1985).

**9.** Debtor has two minor children, Francesca N. Harrell and Paul J. Harrell.

ercise its expertise to determine whether a modification is required. In determining Debtor's ability to pay child support, this Court feels certain that the superior court will give the proper weight to Debtor's obligation to fund his Chapter 13 plan.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the automatic stay of the Bankruptcy Code is lifted insofar as may be necessary to enable Francine J. Harrell, Movant, to seek a modification of child support payments and visitation rights; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED.