**In re Joel D. SOKOLOFF, M.D., Debtor.**

**Bankruptcy No. 96–17068DAS.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 18, 1996.

Geri H. Gallagher, Haverford, PA, for Debtor.

Steven T. O'Neill, Norristown, PA, for Movant.

Michael Kaliner, Former Chapter 7 Trustee, Fairless Hills, PA.

Edward Sparkman, Standing Chapter 13 Trustee, Philadelphia, PA.

Frederic Baker, Ass't. U.S. Trustee, Philadelphia, PA.

*MEMORANDUM*

DAVID A. SCHOLL, Chief Judge.

The instant contested matter is a motion ("the Motion") by Frances W. (Fredi) Sokoloff, a nondebtor wife ("the Wife"), seeking relief from the automatic stay to pursue certain aspects of a divorce proceeding brought against her by her (now) Chapter 13 debtor-husband, JOEL D. SOKOLOFF ("the Debtor"), to pursue, through a contempt petition, enforcement of a voluntary pre-divorce Separation Agreement ("the Agreement") by which the Debtor agreed to pay the Wife $3,250 biweekly. Having conveniently converted this case to Chapter 13 on August 23, 1996, after his filing under Chapter 7 of the Bankruptcy Code on July 31, 1996, and after the filing of the Motion on August 12, 1996, the Debtor is able to avoid the application of 11 U.S.C. § 362(b)(2)(B), because his post-petition earnings are no longer property of his bankruptcy estate. *See* 11 U.S.C. § 1306(a)(2). Contending that the figure set forth in the Agreement exceeds the alleged applicable state-court support guideline figure of $1,846.15 biweekly and that he is prepared to reject the Agreement as an executory contract, the Debtor seeks to prevent the Wife from requiring him to pay more than his unilateral reduction of payments to her at the support guideline figure.

Newly-enacted 11 U.S.C. § 362(b)(2)(A) is not in issue, because the support claim of the Wife is already established by a Pennsylvania Superior Court order affirming a state

trial court decision rendering the Agreement enforceable and finding the Agreement to be in the nature of a support order. The Wife is attempting to enforce an order already entered. Since neither subsection of § 362(b)(2) is applicable, the automatic stay applies to the support aspect, and indeed to every aspect, of the state court matrimonial action. The sole issue is whether, and to what extent, the Wife is entitled to relief from the applicable automatic stay under 11 U.S.C. § 362(d)(1).

 While we believe that the automatic stay does apply to a contempt proceeding, see *In re Cherry,* 78 B.R. 65, 69–70 (Bankr. E.D.Pa.1987), we join the possibly unanimous body of caselaw holding that, where the issue at hand is a nondischargeable obligation to support a debtor's dependents pursuant to 11 U.S.C. § 523(a)(5), the balance of hardships necessary for an unsecured creditor to obtain relief from the automatic stay tips in the dependent spouse's favor. *See, e.g., Carver v. Carver,* 954 F.2d 1573, 1578 (11th Cir.) *cert. denied,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992); *In re White,* 851 F.2d 170, 173–74 (6th Cir.1988); *In re Mac Donald,* 755 F.2d 715, 717 (9th Cir.1985); *In re Pacana,* 125 B.R. 19, 25 (Bankr. 9th Cir. 1991); and *In re Simpson,* 140 B.R. 857, 860 (Bankr.E.D.Pa.1992). *Cf. In re Pemberton,* 148 B.R. 415, 418–19 (Bankr.E.D.Pa.1992) (nondebtor granted relief to attempt to reduce the debtor's support award).

The Debtor's contention that he will be able to invalidate, repudiate, repeal, or avoid the Agreement by rejecting it is not well-taken. *See In re Walnut Associates,* 145 B.R. 489, 494 (Bankr.E.D.Pa.1992). Enforceability of the terms of an executory contract depends on whether specific performance of the contract is enforceable under state law, *id.,* which in this case it likely is. We are also unwilling to concede that the Agreement is an "executory contract," since the Debtor's payment of money appears to be his sole remaining obligation under the Agreement. *See In re Columbia Gas System Inc.,* 50 F.3d 233, 239 (3d Cir.1995); *In re Monge Oil Corp.,* 83 B.R. 305, 306 (Bankr.E.D.Pa.1988); and *In re Oxford Royal Mushroom Prod-*

*ucts, Inc.,* 45 B.R. 792, 794 (Bankr.E.D.Pa. 1985).

Nevertheless, we are uncomfortable with the scope of the order sought by the Wife. There is an express reference in the Motion to an intention to seek counsel fees from the Debtor over and above the support-like payments payable under the Agreement. There is a request for permission to pursue "all other divorce proceedings," which we believe could encompass equitable distribution.

On this record, we are unwilling to find that the balance tips in the Wife's favor as to any relief except her own quest for support through enforcement of the Agreement, and except for any desires on her part to pursue the generally non-economic issues of the parties' marital status and child custody. *See Simpson, supra,* 140 B.R. at 859–60. We are most reluctant to allow equitable distribution to proceed in another court, at least at this juncture. *See id.* at 860; and *In re Ziets,* 79 B.R. 222, 224 (Bankr.E.D.Pa.1987), *aff'd,* C.A. No. 87–7756, 1988 WL 220217 (E.D.Pa. Feb. 29, 1988). We also clarify, in our order, that, assuming the Debtor's legal actions are in any way affected by the automatic stay, *but see Maritime Electric Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir.1992), he is accorded his full rights to reduce or otherwise modify the support payable to the Wife under the Agreement. *Accord Pemberton, supra,* 148 B.R. at 418–19.

Thus, our attached Order.

### ORDER

AND NOW, this 18th day of September, 1996, after a hearing of September 10, 1996, on the Motion ("the Motion") of Frances W. Sokoloff ("the Wife") to proceed against her husband, JOEL D. SOKOLOFF, M.D. ("the Debtor") in certain matrimonial matters, upon consideration of the parties' post-hearing briefs, it is hereby ORDERED AND DECREED as follows:

1. The Motion is GRANTED in part.

2. The Wife may proceed with state court proceedings in Case No. 95–01491 in the Court of Common Pleas of Montgomery County, Pennsylvania ("the CCP Action") to enforce her right to support under, *inter*

*alia*, the parties' Separation Agreement of November 12, 1994, as well as litigate any issues of the parties' marital relationship or custody of their children. However, the automatic stay remains in effect as to her counsel's right to fees, equitable distribution, or any other aspects of the CCP Action.

3. The Debtor may proceed with any actions, in the CCP Action or elsewhere, to reduce or modify his obligation to support the Wife, as well as to proceed to resolve the parties' marital relationship or custody rights.