**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

No. 11-40888

Lyle W. Cayce
Clerk

In the Matter of:  JOHN WILSON SMALL, also known as Jack Small,

Debtor

------------------------------

MURRIAH S. MCMASTER; JOHN F. NICHOLS,

Appellants

v.

JOHN WILSON SMALL, also known as Jack Small,

Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-28

Before STEWART, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The bankruptcy court in which John Wilson Small filed a voluntary Chapter 7 petition awarded him $42,358.36 in costs and attorneys' fees for an

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40888

intentional violation of the automatic stay by Murriah S. McMaster and John F. Nichols. The district court affirmed the award. So do we.

## FACTUAL AND PROCEDURAL HISTORY

In 2004, McMaster filed in Galveston County Court for divorce from Small, claiming they had a common-law marriage. She sought a division of property. In 2005, the state court ordered Small to pay approximately $4,000 per month in temporary spousal support. In 2007, a trial was conducted to determine which property was community property and the value of that property. On November 8, 2007, a jury returned its findings. Before a divorce decree was entered, Small filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Texas.

McMaster sought relief from the automatic bankruptcy stay to allow the state court to proceed with the divorce action. After a hearing, the bankruptcy court modified the stay (1) to allow the state court to enter judgment on the jury's findings, (2) to enter a divorce between Small and McMaster, and (3) to allocate the community estate. Additionally, the bankruptcy court modified the automatic stay to allow the state court,

> (ii) to determine the amount of any future support . . . so long as such support is paid from the future earnings of the debtor and not from property of the bankruptcy estate; [and] (iii) to determine the amount of any monetary damage claim held by [McMaster] against [Small].

In October 2008, McMaster moved in state court for enforcement of the temporary spousal support order. After a trial, the court sentenced Small to 179 days of imprisonment for each violation, but this imprisonment was probated for one year on the condition that Small pay approximately $124,000 in past-due support, McMaster's attorneys' fees, and continued spousal support. Small sought mandamus from the Texas Court of Appeals, directed at the trial court. The appeals court held the state trial court's order was a civil contempt order

2

No. 11-40888

that violated the bankruptcy stay. On September 1, 2009, the trial court amended its order to grant enforcement only as to criminal contempt and a money judgment.

Proceeding *pro se*, Small brought this adversary proceeding against McMaster and her attorney, Nichols, in the pending bankruptcy case. He claimed damages as a result of the motion for enforcement.[1] The bankruptcy court heard evidence and found that the McMaster and Nichols knew of the stay and had acted intentionally in violating it. Small was awarded $42,358.36 in damages for costs and attorneys' fees associated with defending against the motion for enforcement. The district court affirmed, and this appeal followed.

## DISCUSSION

McMaster and Nichols argue that Small lacked standing to bring the adversary proceeding, and the court failed to apply doctrines of abstention, estoppel, and *res judicata* as to the state court proceedings. They also argue the stay was not violated, the evidence did not support the amount of the award, and their motions for dismissal and rehearing should have been granted.

### I.     Standing

McMaster and Nichols contend Small lacked standing because some actions for which he claimed damages did not involve property of the bankruptcy estate and, to the extent they did, the trustee had standing to protect the estate, not Small. That last assertion misunderstands bankruptcy. "The Bankruptcy Code creates a private right of action for a debtor . . . to bring an action against a person who willfully violates the automatic stay to the injury of the debtor."

---

[1] The adversary action brought by Small also included claims arising from violations of the bankruptcy court's orders regarding the removal of property from the bankruptcy estate. Though appellants reference these claims, they are not relevant to this appeal because the bankruptcy court concluded Small could not recover on those claims.

No. 11-40888

*Young v. Repine (In re Repine)*, 536 F.3d 512, 519 (5th Cir. 2008). Small, as a debtor, had standing to bring an action for violation of the stay. *Id.*

To the extent this contention applies to Small's claims in connection with the removal of property of the estate, those arguments are irrelevant. The bankruptcy court entered judgment only on Small's allegation that McMaster and Nichols violated the stay in bringing the enforcement motion. Thus, only Small's standing on that claim is relevant here.

II.    *Abstention, Collateral Estoppel, and Res Judicata*

McMaster and Nichols also assert error in the bankruptcy court's refusal to apply doctrines of abstention, collateral estoppel, and *res judicata*. In urging abstention, they rely on precedents from other circuits that federal courts should "avoid incursions into family law" and not second guess state courts. *See Donald v. Donald (In re Mac Donald)*, 755 F.2d 715, 716 (9th Cir. 1985); *Carver v. Carver*, 954 F.2d 1573, 1578-79 (11th Cir. 1992). The argument fails because the court granted partial relief from the stay consistent with these principles.

Relatedly, McMaster and Nichols maintain that the bankruptcy court made findings that amount to re-litigation of state divorce proceedings. Such rulings are barred by collateral estoppel and *res judicata.* Despite the argument, McMaster and Nichols fail to point to any relevant claim or cause of action that was resolved in both actions or an issue that was previously litigated and identical to the one before the court now. *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (*res judicata* requires same claim in previous litigation); *Swate v. Hartwell (In re Swate)*, 99 F.3d 1282, 1289 (5th Cir. 1996) (collateral estoppel requires identical issue in previous litigation).

Small was entitled to relief solely due to the violation of the stay. The relief interfered with no previously litigated state-court findings.

No. 11-40888

### III.    *Violation of the Stay*

In examining a ruling on whether a stay was violated, we review the bankruptcy court's factual findings for clear error and its conclusions of law *de novo. In re Repine*, 536 F.3d at 518. "When the district court has affirmed the bankruptcy court's findings, the clear error standard is strictly applied, and reversal is appropriate only when there is a firm conviction that error has been committed." *In re IFS Fin. Corp.*, 669 F.3d 255, 260-61 (5th Cir. 2012) (quotation marks and citation omitted).

The filing of a petition operates as an automatic stay of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement" of the bankruptcy case and of "any act to obtain possession of property of the estate."  11 U.S.C. § 362(a)(2) & (3).  There are three elements to a claim for violation of the stay: "(1) the defendant must have known of the existence of the stay; (2) the defendant's acts must have been intentional; and (3) these acts must have violated the stay." *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 302 (5th Cir. 2005).  Section 362(k) "does not require a specific intent to violate the automatic stay," only "that the defendant's actions which violated the stay were intentional." *Id.* (citation omitted).

McMaster and Nichols contend the factual findings of the bankruptcy court and the legal effect of those findings are erroneous.  They maintain the bankruptcy court erred because it relied on Nichols' procedural objection to the admission of a certified copy of the bankruptcy court's modification of the stay as evidence of intent to violate the stay; because the motion for enforcement falls under Section 362(b)(1)'s exemption to the stay because it sought criminal contempt, not civil contempt; and, because support issues are exempted from the stay under Section 362(b)(2).

Regarding the objection to the admission of the modification of the stay into evidence, the bankruptcy court did not give undue weight to that evidence.

5

No. 11-40888

The bankruptcy court noted it in the opinion but also focused on other actions in determining that McMaster and Nichols willfully violated the stay. Those other actions included that McMaster and Nichols agreed to the partial lifting of the stay and, thus, knew the stay remained applicable here.

As for the contempt issue, the bankruptcy court did not clearly err in determining that Nichols' request for criminal contempt was not credible. Evidence supports its finding that incarceration was being used as a means of inducing payment of spousal support. Among other things, this is established by Nichols' acknowledgment that the court would give Small the opportunity to come up with the money before incarcerating him. As such, the court did not err in concluding the exception under Section 362(b)(1) did not apply.

Regarding the support exception in Section 362(b)(2), the bankruptcy court did not err in refusing to apply it, because the court correctly found that McMaster and Nichols sought enforcement of the action without regard for "whether there was property that was *not property of the estate* from which to make the payment." *Small v. McMaster (In re Small)*, No. 09-8015, 2010 WL 4865300, at *7 (Bankr. S.D. Tex. 2010) (emphasis added); *see also* 11 U.S.C. § 362(b)(2)(B). McMaster and Nichols attempted to establish Small's ability to pay using the jury findings from the state-court proceeding and maintained that the state court "had a green light" to proceed from the bankruptcy court. There is no evidence they attempted to limit enforcement to property not part of the estate. As such, the enforcement motion was outside the Section 362(b)(2)(B) exception.

IV.   *Attorneys' Fees*

McMaster and Nichols contend the court's award of attorneys' fees was erroneous because the court relied on inadmissable hearsay evidence and because Small failed to meet his burden of establishing attorneys' fees under

6

No. 11-40888

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Further, they argue that if Small were the prevailing party in state court, this claim should have been brought there, not in bankruptcy court.

A damage-award finding of the bankruptcy court is reviewed under the deferential clear-error standard. *See In re Repine*, 536 F.3d at 520. We review preserved evidentiary rulings of the bankruptcy court for an abuse of discretion. *Id.* at 518. At the hearing, McMaster and Nichols objected on the grounds of an improper foundation, not on the basis of hearsay as argued on appeal. They do not continue the objection about the foundation, so it is waived. As to the appellate argument about hearsay, we review it for plain error only. *See, e.g.*, *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 776 (5th Cir. 2009). To establish reversible plain error, a clear or obvious error must be shown that affected substantial rights. *Id.* We have discretion on whether to correct such an error and will do so only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

McMaster and Nichols maintain that the fees billed have not been shown to be for services provided in connection with the contempt hearing. Further, because they are hearsay, they should carry no probative value. In the bankruptcy court, they argued that Small's testimony that these were the bills from his attorneys was an insufficient foundation for their admission. The bankruptcy court disagreed, and that ruling is not challenged here. As to the hearsay argument now raised, the bills are arguably the records of a regularly conducted activity, namely, the billing invoices prepared by lawyers and provided to their client. *See* Fed. R. Evid. 803(6). Small did not comply with the rules requiring authentication, but McMaster and Nichols do not argue that the invoices do not represent fees incurred by Small. We find no reversible plain

7

error because the admission of the invoices did not affect McMaster and Nichols' substantial rights.

McMaster and Nichols also argue that Small failed to meet his burden for establishing attorneys' fees under *Johnson*. That case identified 12 factors for a district court to consider in setting attorneys' fees. *Johnson*, 488 F.2d at 717-19. The bankruptcy court's order awarding fees did not discuss these factors. Once the award was made, McMaster and Nichols filed for reconsideration and raised this alleged defect in the award. The motion was denied.

We find this case to be a difficult one for the bankruptcy court to have applied *Johnson*. The fees are not for the attorneys involved in this case, as Small is acting *pro se* in his Chapter 7 proceedings. The *Johnson* factors require consideration of such matters as whether the attorney had to forego other work to handle the case, and the experience and ability of the attorney, and other matters difficult to analyze in the procedural context of this case. *Id.* We also note that the bills totaled almost $400,000. Small testified that approximately $100,000 were for the mandamus. The bankruptcy court's award was for $42,108.36 in attorneys' fees, a figure the court reached after a detailed review of the invoices to determine the fees associated with the relevant hearing.

In light of the unusual circumstances of this claim for fees, and because McMaster and Nichols did not even argue in the bankruptcy court that the fees were unreasonable, there is no reversible error in the fee award.

The final argument on fees is that Small should have sought them in state court as the prevailing party there. We disagree. The fees were awarded by the bankruptcy court due to the violation of the court's stay. This claim for fees was appropriately before the bankruptcy court under Section 362(k).

V.    *Motions to Dismiss and Rehearing*

Finally, McMaster and Nichols contend the court abused its discretion in denying the motion to dismiss and the motion for rehearing because the evidence

was insufficient and granting the motions would have prevented a manifest miscarriage of justice.  As discussed above, there was sufficient evidence to support the bankruptcy court's judgment.  Therefore, these contentions are without merit.

     AFFIRMED.