**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MOHAMMAD KHAN, | No. 19-55998 |
| Debtor, | D.C. No. 2:18-cv-00809-JGB |
| MOHAMMAD KHAN, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| U.S. BANK, N.A., as Trustee, successor in interest to Bank of America, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Mohammad Khan appeals pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirming the bankruptcy court's order granting U.S. Bank retroactive relief from the automatic bankruptcy stay. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion, *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 716 (9th Cir. 1985), and we affirm.

The bankruptcy court did not abuse its discretion in granting retroactive relief from the automatic bankruptcy stay because it properly weighed the *Fjelsted* factors and concluded that eleven of the twelve factors weighed in favor of granting relief. *See Fjelsted v. Lien (In re Fjelsted)*, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003) (setting forth factors to consider in deciding whether to annul an automatic bankruptcy stay). We reject as unsupported by the record Khan's contentions that U.S. Bank lied to the bankruptcy court about its knowledge of Khan's bankruptcy proceedings or that Khan was prevented from presenting information to the bankruptcy or district courts.

We do not consider Khan's argument, raised for the first time on appeal, that the bankruptcy court's order violated the California Homeowner's Bill of Rights. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

Khan's request to supplement the opening brief, set forth in the opening brief, is denied.

**AFFIRMED.**

19-55998