**In re Walter SCHWEIKART, Debtor.**

**Bankruptcy No. 92–13235.**

United States Bankruptcy Court,
D. Rhode Island.

May 28, 1993.

Matthew J. McGowan, Salter, McGowan, Schwartz & Holden, Providence, RI, for debtor.

Jason D. Monzack, Geoffrey A. Regan, Kirshenbaum & Kirshenbaum, Cranston, RI, for Sallyann Schweikart.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is Sallyann Schweikart's Motion for Relief From Stay, and the objection by her former husband, Walter, the Debtor herein. Ms. Schweikart wishes to have the Family Court determine what interest, if any, the Debtor holds in the marital domicile, and which obligations owed to her by her former husband are nondischargeable. The Debtor would really like to have those issues decided here. The Family Court entered an order on December 16, 1987, dissolving the marriage

---

and dividing the marital domicile; however, a question exists as to the specific interest granted to Mr. Schweikart in the house.

■ The Debtor argues that 28 U.S.C. § 1334(d) gives the Bankruptcy Court exclusive jurisdiction over property of the estate, and that his interest in the house is property of the estate over which no other court has jurisdiction. In response, Ms. Schweikart argues that the December 16, 1987, Family Court Order did not grant the Debtor any property interest in the marital home, and thus there is no "property of the estate" issue.

Without attempting to quantify it, we find that the Debtor has *an* interest in the marital domicile, and that interest became property of the estate upon his bankruptcy filing.[1] We also agree that 28 U.S.C. § 1334(d) vests the bankruptcy court with "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case [under title 11], and of property of the estate." 28 U.S.C. § 1334(d). We also rule, however, that there is ample authority to allow us to share said jurisdiction and to defer to the Family Court to decide issues such as the one presented here. *See White v. White (In re White)*, 851 F.2d 170, 173–74 (6th Cir.1988); *Baker v. Baker (In re Baker)*, 75 B.R. 120 (Bankr.D.Del.1987); *Perlow v. Perlow (In re Perlow)*, 128 B.R. 412, 416 (E.D.N.C.1991). "It is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" *Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 717 (9th Cir.1985) (quoting *In re Graham*, 14 B.R. 246, 248 (Bankr.W.D.Ky.1981)).

■ In this case, we find that cause exists, pursuant to 11 U.S.C. § 362(d)(1), to grant Ms. Schweikart's motion, given the protracted litigation that has already taken place in the Family Court, and its familiarity with this particular case, its experience

in such matters, and the fact that the resolution of these issues involves an inquiry into the intent behind its December 16, 1987 Order. It is therefore ORDERED that Sallyann Schweikart's Motion for Relief from Stay is GRANTED, and she may litigate in the Rhode Island Family Court the limited issues of:

1) What interest the Debtor holds in the marital domicile; and

2) Whether any debts owed to her by the Debtor are nondischargeable.

Enter Judgment consistent with this Order.

---

1. Debtor's "interest" in the property does not become vested, however, until either Mrs. Schweikart decides to sell the home, or their youngest daughter, now age ten, attains the age of eighteen, whichever occurs first.