**Salem**

VAUGHN DARRYL DOUGLAS

v.

KATHY E. DOUGLAS

No. 2242-92-3

Decided November 23, 1993

Counsel

Harold K. St. Clair; (Christopher Schinstock; St. Clair & Associates, on brief), for appellant.

Roland S. Carlton, Jr. (Michael McHale Collins; Collins and Mooney, on brief), for appellee.

OPINION

**ELDER, J.**—Vaughn Darryl Douglas (hereinafter "husband") appeals from the trial court's finding of contempt based on his failure to comply with a provision of the divorce decree requiring that he hold Kathy Ellen R. Douglas (hereinafter "wife") harmless for a joint credit card debt. Husband claims the trial court erred in holding that his failure to list wife as a creditor or to otherwise notify her of his bankruptcy barred the dischargeability of this debt. Wife claims that this Court has no jurisdiction to review this assignment of error. For the reasons set forth below, we affirm the ruling of the trial court.

By order filed September 13, 1988, the parties each agreed to take responsibility for one outstanding joint credit card account and to hold "the other harmless from any liability on the account . . . which they have assumed." Husband subsequently paid off the debt of approximately $3,800 from the Dominion Bank Visa account for which he was responsible under the decree, but he then accrued an additional $5,000 in charges on that account, on which he and wife were still jointly liable. He then attempted to have wife's name removed from the account, but Dominion refused to do so until he had paid the balance.

Husband then filed a voluntary bankruptcy petition under Chapter 7. Although he listed Dominion Bank as a creditor, he failed to list his wife as a creditor or to inform the bankruptcy court of the terms of their property settlement in regard to the Dominion debt. Although husband contests this finding, the trial court determined that wife was not aware of the bankruptcy proceedings. Because husband eventually received a discharge of all listed debts, Dominion Bank sued wife and obtained a judgment for $5,185.22. Wife then moved the trial court to reinstate this case on the docket and to find husband in contempt of court for failing to hold her harmless on the Dominion Bank Visa account in violation of the divorce decree. On October 2, 1992, after taking evidence *ore tenus* and reviewing briefs submitted by the parties, the trial court held that, because husband failed to prove that wife had notice or actual knowledge of husband's bankruptcy proceedings prior to being sued by Dominion Bank, husband's debt to her under the divorce decree was not discharged in bankruptcy. Accordingly, by

order of October 2, 1992, it found husband in contempt of the divorce decree and directed him to make arrangements to comply with that decree.

On October 29, 1992, appellant noted this appeal. In November, appellee moved the trial court to find appellant in contempt of its order of October 2. Appellant objected based on the pendency of his appeal to this Court, but by order entered December 4, 1992, the trial court again found appellant in contempt and entered judgment against him for $5,185.22.

## I.

Code § 17-116.05 provides that "[a]ny aggrieved party may appeal to the Court of Appeals from . . . [a]ny final judgment, order, or decree of a circuit court involving . . . [d]ivorce [or] . . . [a]ny other domestic relations matter arising under . . . Title 20." This matter clearly arose out of the enforcement of a provision in a divorce decree requiring husband to hold wife harmless for their joint debt to Dominion Bank. In addition, Code § 19.2-318 provides for the appeal of contempt matters to this Court. Therefore, we have jurisdiction to consider the trial court's determination that husband failed to comply with the terms of the decree.

## II.

We consider next whether the trial court erred in holding that husband's debt to wife was not discharged in bankruptcy based on his failure to list her as a creditor or to notify her of his bankruptcy.[1] Where a debtor asserts discharge as a defense to an action for nonpayment of a debt, a state court has concurrent jurisdiction with the bankruptcy court to determine issues of dischargeability. *See In re Taylor*, 49 B.R. 416, 419 (Bankr. N.D. Tex. 1985); *In re Iannacone*, 21 B.R. 153, 155 (Bankr. D. Mass. 1982).

A discharge under [Chapter 7] . . . does not discharge an individual debtor from any debt . . . neither listed nor scheduled . . . with the name . . . of the creditor . . . in time to permit . . .

---

[1] We note that if the Visa debt had been discharged as to wife, the trial court could not have entered judgment on that debt but could have pursued other contempt sanctions against husband for failing to comply with its court order.

In addition, we note that the parties have not raised an issue here whether the entry of a compensatory judgment was the appropriate sanction in a contempt proceeding and, accordingly, we do not address that issue.

timely filing of a proof of claim . . . unless such creditor had notice or actual knowledge of the case in time for such timely filing.

11 U.S.C. § 523(a)(3) (1986). Husband admitted in this case that he did not list wife as a creditor. In addition, the trial court found that he failed to meet his burden of proving she had notice or actual knowledge of his bankruptcy. Although husband disputed this finding at the trial level, he does not contest it on appeal. Instead, he asserts that the trial court should have looked beyond the lack of notice to determine its effect. In a no-asset case such as this, he argues, the debt should nevertheless be discharged because there was nothing for wife to share even if she had received notice of the bankruptcy. Although this argument has some practical appeal, the bankruptcy code contains no such provision. In the absence of clear statutory authorization, we cannot conclude that the trial court erred in refusing to consider this fact.

Accordingly, the trial court did not err in finding appellant in contempt of court for failing to comply with the terms of the divorce decree. The judgment of the trial court is affirmed.

*Affirmed.*

Koontz, J., and Fitzpatrick, J., concurred.