In re Vincent SIRAGUSA, Debtor.

Vincent SIRAGUSA, Debtor–Appellant,

v.

Joanne SIRAGUSA, Creditor–Appellee.

No. 92–16788.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 1994.

Decided June 20, 1994.

Rene Ellen Feinstein, David A. Riggi, Hale, Lane, Peek, Dennison & Howard, Las Vegas, NV, for debtor-appellant.

Joshua M. Landish, Barry R. Shinehouse, Shinehouse & Duesing, Las Vegas, NV, for creditor-appellee.

Before: D.W. NELSON, BOOCHEVER and BEEZER, Circuit Judges.

Opinion by Judge D.W. NELSON.

D.W. NELSON, Circuit Judge:

Dr. Vincent Siragusa appeals from the district court's judgment affirming the bankruptcy court's dismissal of his complaint based on comity. The bankruptcy court dismissed the action because it already was being litigated in state court. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After 15 years of marriage, Dr. Siragusa and Joanne Siragusa were divorced in 1983. In the divorce decree, Dr. Siragusa agreed to pay Ms. Siragusa alimony of $3,000 per month for 60 months ("the alimony"). He also agreed to a division of the marital property that required him to purchase her share of the medical practice for $1.25 million, payable in monthly installments at 9% interest ("the property settlement").

Dr. Siragusa defaulted on these alimony and property settlement payments, and on November 5, 1987, the state court reduced these arrearages to judgment in favor of Ms. Siragusa. However, the court stayed enforcement of the judgment for one week, and in the interim, Dr. Siragusa filed a voluntary Chapter 7 bankruptcy petition for the primary purpose of obtaining a discharge of the approximately $1.2 million still owed on the property settlement.

Under 11 U.S.C. § 523(a)(5), alimony debts are not dischargeable. Therefore, the bankruptcy court required Dr. Siragusa to pay Ms. Siragusa $7,500 a month until the alimony arrearages that had been reduced to judgment in state court were paid. However, because debts stemming from property settlements are dischargeable in bankruptcy under 11 U.S.C. § 727, on May 4, 1988, the bankruptcy court discharged Dr. Siragusa's property settlement obligation.

Dr. Siragusa paid off the alimony arrearages as scheduled and one day prior to the final payment date, on August 31, 1990, Ms. Siragusa filed a motion in divorce court to have the alimony modified, citing the discharge of the property settlement in bankruptcy as a "changed circumstance." A Nevada divorce court referee granted the alimony modification, ordering Dr. Siragusa to pay his ex-wife $7,500 per month until the earlier of Ms. Siragusa's remarriage or the death of either of the parties. Dr. Siragusa did not object to the referee's findings and rulings, and the divorce court incorporated them into its final order. Dr. Siragusa then moved the divorce court for a reduction in the alimony, and also appealed the decision to the Nevada Supreme Court.

On March 11, 1991, Dr. Siragusa filed in bankruptcy court the complaint which is at issue in this appeal. He claimed that the modification of the alimony based on the bankruptcy court's discharge of the property settlement violated the standing injunction set forth in 11 U.S.C. § 524, which prohibits creditors from attempting to collect debts that were discharged in bankruptcy. In other words, Dr. Siragusa argued, as he does on appeal, that the modification of the alimony constituted a repackaging of the discharged property settlement in violation of the bankruptcy laws.

The bankruptcy court dismissed Dr. Siragusa's complaint based on comity. It held that the state court had jurisdiction to decide, as it did, that the alimony was not dischargeable in bankruptcy, and also found that Dr. Siragusa had fully litigated the matter in divorce court and was in the process of appealing the matter to the state Supreme Court.

The federal district court for Nevada affirmed the bankruptcy court's decision on August 24, 1992. Dr. Siragusa then timely appealed to this court. Our jurisdiction is based on 28 U.S.C. § 1291.

## DISCUSSION

I. Standard of Review

We review the district court's decision on an appeal from a bankruptcy court *de novo. In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990). We apply the same standard applied by the district court—abuse of discretion—to the bankruptcy

court's decision to abstain based on comity. *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1229 (9th Cir.1989).

## II. Analysis

Dr. Siragusa argues that the federal courts have exclusive jurisdiction to hear his claim that the alimony modification constituted collection of a discharged debt in violation of § 524. He contends that because the state court lacked jurisdiction to decide the issue, the district court erred in affirming the bankruptcy court's decision to defer to the state court determination based on comity. Dr. Siragusa's argument assumes that the alimony modification was an attempt to collect a discharged debt in violation of the § 524 standing injunction. We disagree.

■ In deciding whether to modify the alimony, the divorce court properly considered Dr. Siragusa's discharge in bankruptcy of the property settlement debt as a "changed circumstance." *See In re Danley,* 14 B.R. 493, 495 (Bankr.D.N.M.1981); *In re Reak,* 92 B.R. 804, 807 (Bankr.E.D.Wis.1988). *See also,* Sheryl L. Scheible, *Bankruptcy and the Modification of Support: Fresh Start, Head Start, or False Start,* 69 N.C.L.Rev. 577, 617 (1991) (noting that a bankruptcy discharge granted subsequent to divorce frequently is a factor in determining whether alimony modification is appropriate).

Nothing in the record suggests that the divorce court was attempting to reinstate the property settlement debt; the amount awarded in alimony is not a substitute for the amount of the discharged property settlement. The alimony modification merely takes into account the fact that Ms. Siragusa would no longer receive the property settlement payments upon which the original alimony was premised. The discharge altered both Ms. Siragusa's need and Dr. Siragusa's ability to pay.

■ Because the modified alimony was not a § 524 violation, the divorce court had jurisdiction to determine that the payments to Ms. Siragusa were in the nature of alimony, and therefore not dischargeable under § 523(a)(5). While federal law controls the determination of whether a debt stemming from divorce is in the nature of alimony or a property settlement, *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984), state and federal courts have concurrent jurisdiction to decide the issue. *In re Aldrich,* 34 B.R. 776, 780 (Bankr. 9th Cir.1983). Thus, because the state court's jurisdiction was proper, the district court did not err in affirming the bankruptcy court's decision to defer to the state court based on comity.

The circumstances under which a bankruptcy court may abstain in favor of state court adjudication of the same issues are spelled out in 28 U.S.C. § 1334(c)(1):

> Nothing in this section prevents a district court in the interest of justice or in the interest of comity with State courts or respect for the State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (1988).

We discussed the factors that a court should consider when deciding whether to abstain in *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166–67 (9th Cir.1990). The factors that are pertinent here include: (1) the extent to which state law issues predominate over bankruptcy issues; (2) the difficulty or unsettled nature of the applicable law; (3) the presence of a related proceeding commenced in state court or other nonbankruptcy court; and (4) the likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties. *Id.*

■ Applying these factors, the bankruptcy court did not abuse its discretion by deferring to the state court determination in the interest of comity. First, divorce and alimony are exclusively matters of state law and the state courts are the appropriate forum in which to decide them. *See In re Harrell,* 754 F.2d 902, 907 (11th Cir.1985) (holding that bankruptcy court rulings should impinge on state domestic relations issues "in the most limited manner possible"). Second, the law concerning this issue is not unusually difficult or unsettled. Third, as the bankruptcy judge noted, Dr. Siragusa's claim was "argued, briefed, considered and lost by Mr. Siragusa"

in divorce court. At the time that he brought his claim to the bankruptcy court, Dr. Siragusa was in the process of appealing the alimony modification to the Nevada Supreme Court. Fourth, the bankruptcy judge called Dr. Siragusa's belated federal action an attempt at "an end run over the state court jurisdiction," which was tantamount to a finding that the proceeding in bankruptcy court involved forum-shopping. This finding was not clearly erroneous.

Because the state court action was pending, the bankruptcy judge did not abuse her discretion in deferring to the state court in the interest of comity, and the district court's decision to affirm was proper.

### CONCLUSION

We affirm the district court's affirmance of the bankruptcy court's dismissal of Dr. Siragusa's complaint based on comity.

**AFFIRMED.**