## CIRCUIT COURT OF LOUDOUN COUNTY

Maurice S. Blythe

    v.

Elmo Lloyd Blythe

March 23, 1995

Case No. (Chancery) 15646

BY JUDGE JAMES H. CHAMBLIN

At the hearing on March 6, 1995, on the Rule to Show Cause issued on February 24, 1995, Ms. Blythe asserts that Mr. Blythe is in contempt for failing to comply with several provisions of the divorce decree entered herein on September 6, 1994. Each issue raised at the hearing is addressed below.

### Bank One Credit Card and Mr. Blythe's Bankruptcy Proceeding

The parties separated in 1990. In a proceeding in the Family Court of Loudoun County, Mr. Blythe "acknowledged and affirmed his responsibility for and intention to timely pay all sums due under the Parties' . . . Bank 1 Credit Card . . . ." *See* Family Court order entered April 8, 1991. This order also denied Ms. Blythe's request for spousal support.

The parties subsequently executed a Separation and Property Settlement Agreement dated March 14, 1994. In paragraph 7.a. of the Agreement, Mr. Blythe agreed to "be solely responsible for, and shall timely pay, all sums due under the Parties' . . . Bank One Credit Card." The Agreement further provided that:

> The Bank One Card will be immediately placed in the Husband's sole name and liability, with the Wife removed from liability on this account, and documentation confirming this

change in account status being immediately provided to the Wife. [Paragraph 7.a.]

*and*

Each of the Parties shall indemnify, defend, and hold harmless the other from any third-party claim or cause of action arising from said Party's failure to perform his or her responsibilities hereunder. [Paragraph 7.d.]

*and*

In the event of bankruptcy of either party, any obligation of said party under the provisions of this Agreement associated with child support, maintenance of life insurance, or payment of attorneys' fees and costs shall be non-dischargeable, and construed with the "support related" and other definitions and criteria of the Federal Bankruptcy Code precluding discharge of such items. [Paragraph 15.]

Ms. Blythe accepted the provisions of the Family Court order and the Agreement concerning the Bank One Card in lieu of requesting spousal support. However, the Agreement is silent on this issue. The Agreement contains an "entire Agreement" provision in paragraph 19.

The Agreement was ratified, approved, confirmed, and incorporated into the final divorce decree entered September 6, 1994.

On November 4, 1994, Mr. Blythe filed a petition in bankruptcy in the United States Bankruptcy Court, Eastern District of Virginia, Alexandria Division. In Schedule F (Creditors Holding, Unsecured Nonpriority Claims) of his bankruptcy petition, Mr. Blythe lists the following:

| Creditor Name | Date Claim Incurred and Consideration for Claim | Claim Amount |
| --- | --- | --- |
| Bank One | "1993 Credit Card Purchases" | $1,468.00 |
| Maurice S. Blythe | "Various Debts" | "Unknown" |

On December 4, 1994, Ms. Blythe attended a creditor's meeting in bankruptcy court at which neither Mr. Blythe nor his attorney appeared. She heard someone say "dismissed." She felt that Mr. Blythe's bankruptcy petition had been dismissed.

In January, 1995, Ms. Blythe learned that the Bank One account not only was still in her name but also that Mr. Blythe was no longer consid-

ered liable on the account by Bank One. It was looking solely to her to pay the outstanding balance of $1,607.22. She had not received any statements because Bank One had been sending them to Mr. Blythe's address and he never forwarded them to her. Ms. Blythe never used the Bank One credit card after 1991. All the purchases included in the outstanding balance on the Bank One account were made by Mr. Blythe in 1993 (see Schedule F to his bankruptcy petition).

In order to stop Bank One from starting collection procedures against Ms. Blythe, on February 7, 1995, she paid it the sum of $175.00, and she has agreed to pay $32.00 per month on the account to avoid any future collection efforts by Bank One.

Ms. Blythe has received notice of an impending discharge in bankruptcy for Mr. Blythe.

Mr. Blythe argues that he is not in contempt as to his obligations on the Bank One account because he listed Ms. Blythe as a creditor in his bankruptcy proceeding, and he will secure a discharge of his debt to her as to this account. Ms. Blythe counters with an argument that this debt is non-dischargeable as being "support related" under the bankruptcy code.

After a review of the cases cited by counsel, I am of the opinion that under *Douglas v. Douglas*, 17 Va. App. 380 (1993), Mr. Blythe could discharge a debt not otherwise non-dischargeable owed to Ms. Blythe by properly including her in his bankruptcy proceeding. Further, under *In Re Catron*, 164 Bankr. 908 (1992), the Court must look to the intent of the parties in their Agreement to determine if a debt is "support related."

If Mr. Blythe's obligations as to the Bank One credit card under the Agreement were considered to be only a debt (as it is under paragraph 7.d. of the Agreement) owed by Mr. Blythe to Ms. Blythe, then I would have to conclude that it is not "support related" but in the nature of a property settlement and is dischargeable. However, Mr. Blythe had affirmative obligations besides paying money on a debt to Ms. Blythe under the Agreement and divorce decree.

Mr. Blythe failed in his obligation to place the Bank One card in his sole name and liability, to remove Ms. Blythe from liability on the account, and to provide immediately documentation confirming the change to Ms. Blythe. Mr. Blythe has offered absolutely no justification for his failure to comply with this Court's decree. He merely says that he received from Bank One a response that Ms. Blythe was the sole obligor on the account, but he was not able to produce the response.

Mr. Blythe is in willful contempt of the financial provisions of this Court's decree. Mr. Blythe's bankruptcy proceeding will afford him no protection or excuse from doing the mechanical acts he was ordered to do in the decree.

Mr. Blythe can purge himself of his contempt by immediately complying with the aforesaid decree so as to remove Ms. Blythe from all liability on the Bank One account and paying to her all sums which she has paid or will hereafter be required to pay to Bank One on the account. Such sums shall be paid by Mr. Blythe immediately after they are paid by Ms. Blythe to Bank One. Accordingly, Mr. Blythe's current obligation to Ms. Blythe is in the sum of $207.00 payable immediately.

### Life Insurance Certification

Under paragraph 9 of the Agreement, Mr. Blythe is to maintain a life insurance policy on his life at his sole expense in the amount of $10,000.00 for the benefit of the parties' child. He is to provide Ms. Blythe on March 1 of each year with a certification that the policy is continuing in full force and effect.

He has not provided the certification due March 1, 1995. He has offered no excuses or justification for his failure to do so. He is in willful contempt of the Court's decree.

Mr. Blythe shall immediately provide such certification to Ms. Blythe. Also, he cannot avoid this obligation by a bankruptcy proceeding because of paragraph 15 of the Agreement.

### Attorney Fees and Costs Associated with the Parties' Divorce

Under paragraph 12 of the Agreement, Mr. Blythe agreed to pay one-half of the filing, service, and court reporting costs associated with the parties' divorce proceeding. These costs amounted to $121.00. Mr. Blythe has not paid his one-half thereof. He says he did not because he never received a bill for the costs. It is not a question of someone having to go to the trouble of sending Mr. Blythe a bill. He knew he had this obligation. He knew the divorce proceeding had been concluded. He is in contempt for not paying his share. He is ordered to pay Ms. Blythe the sum of $60.50 immediately. This obligation is not dischargeable under paragraph 15 of the Agreement.

*Attorney Fees for This
Show Cause Proceeding*

All the alleged contempt issues in this proceeding arise out of Mr. Blythe's obligations under the Agreement. Under paragraph 12 of the Agreement, if a proceeding is brought to enforce the terms of the Agreement, then the prevailing party shall be due reasonable attorney fees.

Ms. Blythe has incurred attorney fees of $750.00 in her effort to enforce the Agreement. She has prevailed on all issues and, under the Agreement, is due her reasonable attorney fees. I find $750.00 to be reasonable considering the circumstances and nature of this case. Mr. Blythe shall pay such fees to Ms. Blythe immediately. This obligation is non-dischargeable under paragraph 15 of the Agreement.