### In re Charles Edward CRAWFORD, Debtor.

**Bankruptcy No. 5–92–00511.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

May 31, 1995.

James O. Clough, Harrisonburg, VA, for debtor.

Charles R. Haugh, Charlottesville, VA, for Marjorie Ann Hale.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

This matter comes before the court on the motion of the Debtor to have his case reopened, to have an order entered staying a contempt order entered by the Circuit Court of Albemarle County, Virginia, against the Debtor, and to have the court find that Marjorie Ann Hale, the Debtor's ex-wife, (herein "Ms. Hale") and her counsel, Charles R. Haugh, Esquire, have violated the permanent stay against collection of debts discharged in bankruptcy. An evidentiary hearing was held on October 3, 1994, at which the parties presented evidence and orally argued their respective positions. Thereafter, each party submitted written memoranda. The case is now ripe for decision.

Two issues are presented for determination. The first is whether the state circuit court shares concurrent jurisdiction with the bankruptcy court to determine the dischargeability under 11 U.S.C. § 523(a)(5), of a debt that is allegedly "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement. . . ." If the state circuit court does have concurrent jurisdiction, then the second issue is whether the parties submitted the case to the state circuit court for its determination.

The court has considered the parties' pleadings, heard the testimony of witnesses and arguments of counsel, and considered the parties' briefs and the relevant authority. For the reasons stated in this Decision and Order, the court finds that the state circuit court shares jurisdiction to determine the dischargeability of a debt that is alleged to fall within the definition contained in 11 U.S.C. § 523(a)(5), that the Circuit Court of Albemarle County exercised that jurisdiction, that the parties submitted to that court's exercise of jurisdiction and that the issue of discharge was litigated and determined by the state court. The parties are bound by their election and no party may now seek

relitigation of an issue decided by a court of competent jurisdiction.

## FACTS AND PROCEDURAL POSTURE

The dispute underlying this case arises out of a decree entered on July 2, 1991, by the Circuit Court of Albemarle County granting the Debtor and Ms. Hale a divorce and incorporating a post-nuptial agreement (herein "the Agreement") entered into by the parties on May 24, 1991. Among other things, the Agreement provided that the Debtor would hold Ms. Hale harmless for her part of a joint debt owed by the Debtor and Ms. Hale to the Charlottesville Post Office Credit Union (herein "the Credit Union"). *See* Ex. E, ¶ 8A. The Debtor did not hold Ms. Hale harmless and the Credit Union pursued Ms. Hale for payment.

On May 21, 1992, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code, and on September 8, 1992, the Debtor was granted a discharge of all of his dischargeable debts. On March 4, 1994, Ms. Hale filed a motion in the Circuit Court of Albemarle County seeking to require the Debtor to show cause why he should not be held in contempt for failing to comply with the Agreement. On June 2, 1994, the show cause motion was heard by the circuit court. Willis J. Spaulding, Esquire, the Debtor's attorney at the show cause hearing, testified before this court that the circuit court hearing was unrecorded and that the only record of the proceedings available to this court must be drawn from the recollections of those who were present. *See* Bankr.Trial Trans. at 5–17. He testified that he thought that the circuit court proceeding was only to determine whether the Debtor should be held in contempt and not to determine the dischargeability of a debt that arose under the Agreement. *Id.* at 8–10. He noted that the court cited to the case of *Douglas v. Douglas,* 17 Va.App. 380, 437 S.E.2d 244 (1993), for the proposition that, despite the discharge in bankruptcy, the circuit court still has the power to hold the debtor in contempt for noncompliance with the Agree-ment. In response, Mr. Spaulding said that he cited authority for the proposition that the discharge bars the circuit court from sanctioning the Debtor for nonpayment. *Id.*

All parties before this court agree that on July 8, 1994, an order was entered by the circuit court finding that the Debtor had failed to comply with the July 2, 1991, divorce decree incorporating the post-nuptial agreement, holding the Debtor in contempt, sentencing the Debtor to an indefinite term in prison until he purged himself of contempt by complying with the Agreement, and suspending the sentence for 60 days to allow the Debtor to purge the contempt prior to being incarcerated. *See* Plaintiff's Ex. H.

On July 18, 1994, the Debtor filed the instant motion in the bankruptcy court seeking to reopen the case, have execution of the state court contempt order stayed, and a finding that the bankruptcy court's permanent injunction had been violated.

## LAW

Bankruptcy courts and state courts share concurrent jurisdiction over several of the exceptions to discharge enumerated in 11 U.S.C. § 523(a). *In re Carter,* 156 B.R. 768, 772 (Bankr.E.D.Va.1993); *see also Douglas v. Douglas,* 17 Va.App. 380, 437 S.E.2d 244 (Va.App.1993). Section 523(c) states that bankruptcy courts have exclusive jurisdiction to decide exceptions to discharge that arise under sections 523(a)(2), (4), (6), and (15).[1] *See also Fed.R.Bankr.P.* 4007, Advisory Committee Notes (1983) ("The bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts [those listed in 11 U.S.C. § 523(c) ]. If a complaint is not timely filed, the debt is discharged."). As to all other exceptions to discharge in section 523(a), including section 523(a)(5), jurisdiction may be exercised by either the bankruptcy court or the state court.

■ Under Federal Rule of Bankruptcy Procedure 4007(c), there is a 60 day time frame for filing complaints under sections 523(a)(2), (4), (6), and (15). Under Bankrupt-

---

1. This case was initiated prior to the 1994 amendments to the bankruptcy code when added section 523(a)(15) to the existing exceptions to discharge. That section took effect on October 22, 1994. Thus, section 523(a)(15) is not relevant to a decision in this case.

cy Rule 4007(b) there is no time limit for filing a complaint by either debtor or creditor to determine dischargeability under section 523(a)(5). The issue of discharge of a section 523(a)(5) debt is never finalized unless some party litigates the issue in a court of competent jurisdiction. This is why the proceeding in state court by Ms. Hale cannot be a violation of the permanent injunction put into place by the discharge order. That order recites:

> 4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

11 U.S.C. § 727(b) gives the debtor a discharge of all debts "[e]xcept as provided in section 523 of this title." Section 523 excepts certain debts from discharge and then, in section 523(c)(1), carves out certain debts under section 523(a) which will be discharged unless a creditor files a timely complaint to object to discharge. Section 523(a)(5) is not one of the sections carved out under section 523(c)(1). Therefore, a section 523(a)(5) claim remains an exception to discharge until litigated and cannot fall under the injunction imposed by paragraph four of the discharge order.

▆ When a plaintiff files a proceeding in state court, the defendant has certain procedural tools available. If the case could properly have been brought in a federal court, the tool that is available to the defendant who wishes to have the case tried in federal court is removal. *See* 28 U.S.C. § 1441, *et seq*. Absent some other defect, if the defendant fails to contest the state court's exercise of jurisdiction and seek removal within thirty days of receipt of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, then final adjudication in the state court may properly proceed. *See* 28 U.S.C. § 1446(b). If the defendant does not remove the case and the state court renders judgment, then the aggrieved party may seek redress through the appropriate channels for state law appeals.

## DISCUSSION

▆ This matter was originally brought by Ms. Hale as a debt enforcement action in the Circuit Court for Albemarle County. The Debtor was represented by counsel, responded to the suit, and appeared both in person and by counsel to defend his interests. *See* Bankr.Trial Trans. at 7. At the trial, Debtor's counsel, Mr. Spaulding, raised the Debtor's discharge in bankruptcy as a defense to the imposition of contempt sanctions. *Id.* at 9–10. Debtor's counsel recounted that he argued that Ms. Hale had filed the state court action merely to circumvent the deadline for filing objections to discharge and that the supremacy clause required the state court to defer to the bankruptcy court. *Id.* at 12–13. Despite these arguments, the court ruled against the Debtor and held him in contempt for failing to pay the debt under the Agreement.

According to Mr. Spaulding's recollection, the circuit court judge cited to *Douglas*. This fact is of some import, as the holding in *Douglas* is that state courts exercise concurrent jurisdiction with bankruptcy courts to determine the dischargeability of certain debts. *Douglas*, 17 Va.App. 380, 382, 437 S.E.2d 244, 245–46. According to the *Douglas* court, "[w]here a debtor asserts discharge as a defense to an action for nonpayment of a debt, a state court has concurrent jurisdiction with the bankruptcy court to determine issues of dischargeability." *Id.* This is exactly the case presented here. Ms. Hale filed suit to try to compel the Debtor to pay the debt that she alleged he is required to pay by the terms of the Agreement. The Debtor defended by raising his bankruptcy discharge as a bar to her effort to hold him liable. The court heard witness' testimony and the arguments of counsel, and found that the Debtor had failed to hold Ms. Hale harmless for the Credit Union debt. To compel the Debtor to comply with its order, the circuit court held him in contempt and ordered him to jail, but allowed him 60 days to purge the contempt. The Debtor then brought his case in this court.

The circuit court's order contained language recognizing that the underlying debt of the Charlottesville Post Office Credit Union was discharged by the discharge order of this court. The order of the circuit court also recognized that the debt of the Debtor

to Ms. Hale as a result of the hold harmless agreement was the real debt in issue. The order of the circuit court arises out of its understanding that debts under 11 U.S.C. § 523(a)(5) are not discharged unless there is an adjudication of discharge. The finding of contempt by the circuit court reflects its adjudication of the non-dischargeability of the debt arising under the divorce decree.

The Debtor had two options when he was confronted with the filing of the lawsuit in the circuit court. One option was to defend the suit in the forum chosen by the plaintiff, Ms. Hale. The other option was to have the case removed to the bankruptcy court for determination. In that event, he could have appealed an unfavorable outcome to the federal district court as allowed by the Federal Rules of Bankruptcy Procedure.

The Debtor chose the first option by defending his case in the circuit court. Having chosen to submit to the circuit court's exercise of jurisdiction the debtor is bound by its judgment and is relegated to appeal in the state court system. Having chosen not to proceed through the state court appellate process, the decree of the state circuit court is final. Relitigation of the discharge issue in this court is barred on principles of *res judicata.*[2] *Rosenbaum v. Cummings (In re Rosenbaum)*, 150 B.R. 994, 996 (E.D.Tenn. 1993). According to the court in *Rosenbaum,*

> [a]lthough there has been some confusion on this issue, it is now clear that bankruptcy courts and state courts have concurrent jurisdiction to determine whether a debt is excepted from discharge under § 523(a)(5). In this context, *res judicata* 'issues only

arise from post-bankruptcy actions to enforce a pre-petition debt.'

*Id.* (citations omitted).

## CONCLUSION

For the reasons stated in this Decision and Order, it is

## ORDERED:

That the Debtor's motions to reopen his bankruptcy case, for a stay of the state court contempt order, and for a finding that the stay of the discharge order has been violated are all DENIED.

**2.** The Fourth Circuit stated in *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988), that the Supreme Court's holding in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), was that "federal policies underlying the Bankruptcy Act, including the policy that dischargeability questions be resolved only after the 'fullest possible inquiry,' required that prior state court judgments not be given *res judicata* effect to preclude litigation of dischargeability issues which could have been, but were not, litigated in the earlier proceeding." *Combs*, 838 F.2d at 114–15. The point made in the *Combs* decision concerning *Brown* is not applicable in this case

because this is not a situation where there has been a pre-filing adjudication of non-dischargeability in state court. Also, this is not a case where *res judicata* is applied on the theory that the issue could have been, but was not, litigated in the earlier proceeding. In this case the issue of discharge was actually litigated in state court after the bankruptcy filing and entry of the discharge order. Debtor in this case had all of the procedural tools and opportunity to litigate discharge of the debt in the bankruptcy court. Thus, the language of *Brown*, cited in *Combs*, is not applicable to this case.