87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerald BRISKE, Plaintiff-Appellant,
v.
NORTH SLOPE BOROUGH, Defendant-Appellee.
 No. 94-35246.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Jerald Briske appeals pro se the judgment of the district court affirming a bankruptcy court decision denying him a discharge. In this proceeding, North Slope Borough ("Borough") objected to discharge of Briske's debts under 11 U.S.C. § 727. The bankruptcy court denied discharge after finding that Briske owned six fuel tanks, failed to report them on his schedules, sold the tanks after the bankruptcy petition was filed, and used the proceeds for personal purposes. The bankruptcy court made these findings after determining that Briske falsely testified in the bankruptcy proceeding that he did not own the tanks.[1] We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Briske informed the court during this appeal that creditors, including the Borough, had been paid from the bankruptcy estate by the trustee.[2] We must therefore determine whether this appeal is moot. See United States v. Arkison (In re Cascade Roads, Inc.), 34 F.3d 756, 759 (9th Cir.1994) (appeal must be dismissed as moot if event occurs that makes it impossible for court to grant any effectual relief to prevailing party (citing Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992))).
 
 
 4
 If we reversed the bankruptcy court, Briske would be discharged from all of his qualifying debts, including those that may not be fully satisfied by the trustee's distribution of estate assets or those that may have been omitted from the distribution schedule. See 11 U.S.C. §§ 524(a)(1), 727(b); see also Beezley v. California Land Title Co. (In re Beezley), 994 F.2d 1433, 1434 (9th Cir.1993) (per curiam) (qualifying debt omitted from Chapter 7 schedules is nonetheless discharged under 11 U.S.C. § 727). Thus, we hold that the appeal is not moot because we could, if we reversed the district court, fashion some form of relief. See In re Cascade Roads, Inc., 34 F.3d at 759-60.
 
 
 5
 We review the bankruptcy court's decision under the same standard as applied by the district court. Siragusa v. Siragusa (In re Siragusa), 27 F.3d 406, 407-08 (9th Cir.1994). We review factual findings for clear error, Emmett Valley Assoc. v. Woodfield (In re Woodfield), 978 F.2d 516, 518 (9th Cir.1992), and the decision denying discharge of debts for abuse of discretion, Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir.1984).
 
 
 6
 A discharge will be denied if, with the intent to hinder, delay, or defraud a creditor or officer of the estate, the debtor transfers property out of the estate after the bankruptcy petition is filed. 11 U.S.C. § 727(a)(2). Actual intent to hinder, delay, or defraud must be shown, but intent can be proven through circumstantial evidence. See In re Adeeb, 787 F.2d at 1343; see also In re Woodfield, 978 F.2d at 518 (listing "badges of fraud" indicating that a transaction's purpose is to defraud creditors). A discharge will also be denied if the debtor makes a false oath or account in the proceeding. 11 U.S.C. § 727(a)(4)(A).
 
 
 7
 Briske admitted that he engineered the sale of the tanks, and that he and two of his associates divided the proceeds or made payments to creditors. He denies, however, owning the tanks or intending to defraud creditors.
 
 
 8
 Here, it is clear that the tanks were property of the estate. In sworn testimony Briske admitted that: 1) he owned the tanks and a company called Tanko, Inc., did not; 2) he listed the tanks on his personal income taxes in 1984, 3) he expected to receive $12,000 for the tank sale, and 4) he intended to list the proceeds on his bankruptcy schedule. Thom Fisher, a business associate, and Steve Cooper, a friend and business associate, testified in their depositions that Briske owned the tanks. Other documentary evidence, including a motion by Alliance Bank to lift a stay filed during the bankruptcy proceedings, shows that Briske owned the tanks. The bankruptcy court did not believe Briske's claims during the bankruptcy hearing and in a motion for rehearing that he did not own the tanks, and that Tanko or Briske's construction company, BB & S, owned the tanks. The finding that Briske owned the tanks is not clearly erroneous. See In re Woodfield, 978 F.2d at 518.
 
 
 9
 With respect to Briske's intent to defraud, Briske contends that he did not know that he had an interest in the tanks, that he believed that he was selling the tanks on behalf BB & S, and therefore he did not lie during the bankruptcy proceedings. The bankruptcy court did not believe Briske's claims concerning ownership. Briske's knowledge of the motion to lift the bankruptcy stay affecting the tanks also indicates that he was aware that the tanks were part of bankruptcy estate.
 
 
 10
 The nature of the transaction also belies Briske's claims of pure intent. Briske agreed to sell the tanks to Fisher for $12,000, but also arranged for Fisher and Cooper to sell the tanks for about $60,000 to a buyer that Briske found. Proceeds of the transaction went to Cooper, Fisher, and, at Briske's direction, to creditors of BB & S and to a company in which either Briske or his brother had an interest. Receiving inadequate compensation for the transfer and transferring estate property to friends or relatives are indicia of an intent to defraud. See id.
 
 
 11
 Intent to defraud is also evident from the fact that Briske intended to list the tank sale on his bankruptcy schedule, but then failed to do so, disclaiming ownership. See id. at 519. Briske's reliance on his attorney's advice also does not negate his intent, because Briske's attorney did not tell him the tanks were outside of the bankruptcy estate. See In re Adeeb, 787 F.2d at 1343. The bankruptcy court's findings of fraudulent intent and making a false oath was not clearly erroneous, see In re Woodfield, 978 F.2d at 518, and it did not abuse its discretion by denying Briske a discharge of his debts, see Shaver, 736 F.2d at 1316.
 
 
 12
 We deny the Borough's request for sanctions for filing a frivolous appeal. See Fed.R.App.P. 38. We deny Briske's other claims for relief.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Briske's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The bankruptcy court also determined that the Borough's debt was not dischargeable under 11 U.S.C. § 523(a)(1) because it was a tax, but determined that the amount of the debt was substantially less than the Borough claimed. Briske does not appeal this ruling
 
 
 [2]
 Briske contends that he is entitled to a discharge because the Borough "no longer has a stake in the matter," after the trustee distributed estate proceeds to the Borough. Briske cites no authority for this contention. The Borough is authorized to object to discharge, despite lack of any injury to it. See 11 U.S.C. § 727(c)(1); First Beverly Bank v. Adeeb (In re Adeeb), 787 F.2d 1339, 1343 (9th Cir.1986)