**In re Donald R. LEMBO, Debtor.**

**Donald R. Lembo, Plaintiff,**

v.

**Arthur M. Read II and Carolyn Lembo, Defendants.**

Bankruptcy No. 98–10875.
Adversary No. 98–1050.

United States Bankruptcy Court, D. Rhode Island.

April 17, 2001.

George M. Prescott, Lincoln, Rhode Island, for debtor/plaintiff.

Arthur M. Read II, Gorham & Gorham, North Scituate, Rhode Island, for defendants.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

The United States District Court for the District of Rhode Island has remanded this matter with instructions to make findings of fact and conclusions of law regarding my January 3, 2000 Order granting the Defendants' Motion to Abstain in the captioned adversary proceeding. The following comprises my response to the District Court's July 10, 2000 remand order.

### BACKGROUND

On March 5, 1998, Donald Lembo filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Pending in the Rhode Island Family Court for some five years prior to the bankruptcy, was Mr. Lembo's divorce case against his former wife, Carolyn Lembo. The family court litigation has taken various turns and twists, and according to Mrs. Lembo there have been 27 appeals to the Rhode Island Supreme Court, 3 civil actions in the Rhode Island Superior Court, and an 11 week trial in the family court, resulting in judgments against the Debtor approaching $400,000. Included within this sum are attorney's fees awarded to Mrs. Lembo's attorney, Arthur M. Read II, Esq. On April 29, 1998, Donald Lembo filed an adversary proceeding in this Court seeking, *inter alia,* a determination that the debts owed to his ex-wife are dischargeable under both 11 U.S.C. §§ 523(a)(5) and (15). The Complaint, which lists Arthur M. Read II as the Defendant,[1] also seeks damages for alleged violation of the automatic stay.

On June 16, 1998, Carolyn Lembo filed a motion for relief from stay in this court, for leave to proceed with the litigation pending in the family court. On August 20, 1998, we granted the motion stating:

> In light of the protracted litigation that has already taken place in the Family Court, its familiarity with this case, its experience in such matters, and the fact that the resolution of these issues involves intent vis-a-vis the various Family Court orders, relief from stay is GRANTED. *See In re Schweikart,* 154 B.R. 616 (Bankr.D.R.I.1993). Once the Family Court determines the nature of these obligations, the parties shall report back to this Court for a determination of dischargeability of the challenged debts.

Order Granting Relief from Stay dated August 20, 1998, BK No. 98–10875, Docket No. 16. The Debtor appealed this order to the Bankruptcy Appellate Panel for the First Circuit ("BAP") and on September 10, 1999, the BAP issued its decision and order remanding the matter to this Court, stating:

> [B]ankruptcy courts have concurrent jurisdiction with state courts to determine the dischargeability of debts under 11 U.S.C. § 523(a)(5). *[In re Crawford,* 183 B.R. 103 (Bankr.W.D.Va.1995)]; *Siragusa v. Siragusa (In re Siragusa ),* 27 F.3d 406 (9th Cir.1994); *Thaggard v.*

---

1. On June 2, 1998, Lembo filed an amended complaint adding his ex-wife as a party defendant.

Pate (*In re Thaggard*), 180 B.R. 659, 662 (M.D.Ala.1995); *Bereziak v. Bereziak* (*In re Bereziak*), 160 B.R. 533, 535 (E.D.Penn.1993); *Rosenbaum v. Cummings* (*In re Rosenbaum*), 150 B.R. 994, 996 (E.D.Tenn.1993) ("Although there has been some confusion on this issue, it is now clear that bankruptcy courts and state courts have concurrent jurisdiction to determine whether a debt is excepted from discharge under § 523(a)(5)"); *Chaney v. Chaney* (*In re Chaney*) 229 B.R. 266, 269 (Bankr. D.N.H.1999) ... Fed.R.Bankr.P. 4007, Advisory Committee Notes (1983) ("Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.").

BAP Order dated September 10, 1999, BK No. 98–10875, Docket No. 30. The BAP pointed out that bankruptcy courts have exclusive jurisdiction over complaints to determine the dischargeability of debts under § 523(a)(15), but that since it was unable to determine whether the underlying Complaint was brought under both Sections 523(a)(5) and 523(a)(15), or what exactly we were asking the family court to determine, it remanded the matter to this Court for clarification.

On October 27, 1999, a hearing was held to consider the remand order, resulting in the parties agreeing to file papers which would clarify the matters concerning the Panel, i.e., on November 10, 1999, the parties filed a stipulation in the family court which provided, *inter alia*, that "[t]his Court [the family court] elects to exercise its concurrent jurisdiction with the Bankruptcy Court to determine the dischargeability of any debts owed by the Plaintiff to Defendant." *See* Stipulation dated November 10, 1999, Plaintiff's Ex. C. Both Mr. and Mrs. Lembo assented to the form and substance of the Stipulation. *See id.*

On November 12, 1999, Mrs. Lembo filed a motion to abstain in our adversary proceeding, and on January 3, 2000, I granted the motion, citing to the BAP order, and noting the family court's concurrent jurisdiction with the bankruptcy court on issues arising under 11 U.S.C. § 523(a)(5). I also ruled that, because the Defendants had not requested a determination under Section 523(a)(15), and because the time for filing such complaints had expired, all issues raised under Section 523(a)(15) by the Debtor were moot.

On February 11, 2000, Donald Lembo filed a Notice of Appeal, this time to the District Court, where Judge Lagueux was troubled by the fact that I did not explain if I was relying on 11 U.S.C. § 305 in granting the motion to abstain. He also questioned whether the November 10, 1999 Family Court Stipulation (Exhibit C) played any role in my decision, and whether the underlying adversary proceeding is dismissed or merely stayed.

### DISCUSSION

While Mrs. Lembo's Motion to Abstain cites Section 305 of the Bankruptcy Code, that was not the basis for my decision to abstain. It is well settled that bankruptcy courts and state courts have concurrent jurisdiction to hear and decide matters arising under Section 523(a)(5). *See* BAP Order dated September 10, 1999, BK No. 98–10875, Docket No. 30.; *Siragusa v. Siragusa (In re Siragusa*), 27 F.3d 406, 408 (9th Cir.1994); *Hopkins v. Hopkins*, 487 A.2d 500, 503–04 (R.I.1985). The circumstances under which a bankruptcy court may abstain in favor of a state court to adjudicate the same issues are spelled out in 28 U.S.C. § 1334(c)(1). *See Siragusa*, 27 F.3d at 408. Section 1334 states in part:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334. For nearly a century and a half, federal courts have routinely abstained or avoided interfering with the determination of family law matters. *Barber v. Barber,* 62 U.S. (21 How.) 582, 584 (1858).

> [Indeed], alimony, maintenance, or support are not standard debtor/creditor situations, but involve important issues of family law. Traditionally, the federal courts have been wary of becoming embroiled in family law matters. For that reason, federal courts generally abstain from deciding diversity "cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir. 1988); *see also Crouch v. Crouch,* 566 F.2d 486, 487 (5th Cir.1978). *See generally Simms v. Simms,* 175 U.S. 162, 20 S.Ct. 58, 44 L.Ed. 115 (1899) (the subject of domestic relations belongs to state, not federal law). "The reasons for

federal abstention in these cases are apparent: the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Crouch,* 566 F.2d at 487.

*Carver v. Carver,* 954 F.2d 1573, 1578 (11th Cir.), *cert denied,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992) (footnote omitted).

■ In his (Amended) Complaint, the Debtor seeks a determination that his obligations to the Defendants based upon family court orders are dischargeable. While they are not specifically referenced in the complaint, the only sections of the Bankruptcy Code dealing with family court issues are 11 U.S.C. § 523(a)(5) and (15). See Amended Complaint, Docket # 5, at 2. Here, since no creditor has timely filed a complaint under Section 523(a)(15), any debts that would come within the purview of that section are discharged. *See* 11 U.S.C. § 523(c)(1) ("Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph ... (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge ...").[2]

■ Therefore, the only open issue concerning the dischargeability of debts based upon family court orders are those arising under Section 523(a)(5). As indicated in the case law cited *infra,* issues of

---

**2.** While technically, Mr. Lembo requested a discharge under 523(a)(15), that relief is automatic with the expiration of the deadline to file such complaints. Because no "creditor to whom such debt is owed" filed a timely complaint, all debts that fall within the ambit of Section 523(a)(15) are discharged. *See* 11 U.S.C. § 523(c)(1). It would be an odd exercise to force Mr. Lembo to litigate the issue on account of his own awkwardly drafted complaint.

alimony, maintenance, and support are routinely treated parochially, as matters of state law, and that, absent really exceptional circumstances, the state courts are the appropriate place to decide them. Also important in this case, the family court has a long history with these parties and it will be asked to clarify and/or interpret its own orders. The return of this dispute to the family court makes judicial and economic common sense, will promote consistent rulings, and eliminates the unseemly appearance of forum shopping. And last but not least, the parties themselves, by the November 10, 1999 family court stipulation, agreed to have this dispute resolved in the family court. *See* Debtor's Exhibit C. That valid stipulation has my complete approval.

For all of these reasons, I find and/or conclude (hopefully once and for all) that abstention is appropriate under 28 U.S.C. 1334(c)(1) and that the parties should litigate in the Rhode Island Family Court the issue of whether any of the debts created by family court orders are nondischargeable under 11 U.S.C. § 523(a)(5). Because the family court's determination will necessarily affect the Debtor's allegation number 11 in his Amended Complaint, that Attorney Read and Mrs. Lembo violated the automatic stay, and because we do not abstain as to stay violation issues, the Bankruptcy Court adversary proceeding shall remain open until the family court renders its decision. *See* 11 U.S.C. § 362(b)(2) ("The filing of a petition . . . does not operate as a stay . . . of the collection of alimony, maintenance, or support from property that is not property of the estate"). The parties are ordered to file a quarterly report with this Court regarding the status/progress of the family court litigation.