**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: AVRAM MOSHE PERRY, | No. 09-60052 |
| Debtor. | BAP No. 09-1135-PaHMo |
| AVRAM MOSHE PERRY, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| CHASE AUTO FINANCE, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Hollowell, and Montali, Bankruptcy Judges, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Perry's request for oral argument is denied.

Avram Moshe Perry, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's decision to abstain from considering Perry's state law claims, and dismissing as moot Perry's appeal of the bankruptcy court's order denying Perry injunctive relief and granting Chase Auto Finance stay relief. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion the bankruptcy court's abstention decision. *Siragusa v. Siragusa (In re Siragusa)*, 27 F.3d 406, 407-08 (9th Cir. 1994). We review de novo the BAP's mootness determination. *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998). We affirm.

The bankruptcy court did not abuse its discretion by abstaining from deciding Perry's unlawful repossession claims because Perry filed a nearly identical action for the repossession which was pending in state court. *See In re Siragusa*, 27 F.3d at 408-09; *see also Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters. Inc.)*, 96 F.3d 346, 351 (9th Cir. 1996) (bankruptcy court's discretionary decision will be reversed only if based on legal error or if the record contains no evidence on which the court rationally could have based that decision).

The BAP properly concluded that Perry's appeal of the denial of injunctive relief and grant of relief from the automatic stay was moot because the car had

09-60052

been sold to a third party purchaser and effective relief could no longer be granted. *See In re Nat'l Mass Media Telecomm. Sys., Inc.*, 152 F.3d at 1179-81 (affirming dismissal of appeal on constitutional mootness grounds where property at issue was sold and court could not grant effective relief).

Perry's remaining contentions are unpersuasive.

**AFFIRMED.**

09-60052